WOODS ET AL., APPELLANTS, *v.* NEISSEN, EXR., ET AL., APPELLEES; MILLER ET AL., APPELLANTS.

(No. 11096—Decided August 24, 1983.)

*Ms. Kathryn A. Belfance,* for appellee Neissen, Executor.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. George R. McCue,* for appellee Attorney General of Ohio.

*Mr. Gerald L. Davis,* for appellees Shrine Children's Hospital and Shrine Burn Unit.

*Mr. Ray C. Sheppard,* for appellee St. Jude's Hospital.

*Mr. James R. Graves,* for appellants Miller *et al.*

GEORGE, J. Theodore N. Woods, Sr., decedent, executed a will less than six months before his death. A declaratory judgment action was filed by his executor and the heirs-at-law. The plaintiffs-appellants, Theodore N. Woods, Jr., *et al.,* sought an interpretation of the decedent's will with regard to the bequest to the charitable beneficiaries and the applicable law. Specifically, the plaintiffs sought a declaration whereby the charitable beneficiaries would be limited to receive twenty-five percent of the net probate estate (under R.C. 2107.06); that the balance of the estate remaining after the payments of the specific bequests would descend to the plaintiffs; and that the charitable beneficiaries' share, being the residual, should be subject to all costs of administration, including taxes, fees, bond premiums, court costs, funeral expenses, and all other costs of administration.

The Mortmain Statute, R.C. 2107.06, is activated when the execution of the will precedes the death of the testator by less than six months. The parties stipulated that it was applicable in this case.

R.C. 2107.06 provides in part that charitable bequests are valid when the testator's will is executed more than six months prior to his death. Otherwise, such bequests are valid to the extent that they do not exceed twenty-five percent of the value of the net probate estate.

R.C. 2107.06(D) provides:

"* * * 'the value of the testator's net probate estate' means the probate inventory value of all the testator's assets * * * less all debts and costs and expenses of administration, but prior to the payment of any estate or inheritance taxes * * *."

R.C. 2107.06 determines the extent to which the charities may participate in the distribution of this testator's estate. Here, the bequest to the charities exceeded, in the aggregate, twenty-five percent of the testator's net probate estate. Therefore, by the mandate of the Mortmain Statute, the charitable beneficiaries' share was required to be reduced to twenty-five percent. R.C. 2107.06(A).

Under R.C. 2107.06(C), any portion of a charitable bequest which becomes invalid because it exceeds the twenty-five percent rule is to be distributed *per stirpes* among testator's issue. The charities claim that since there is such an excess in this case, the testator's issue should receive the remaining amount in a residuary capacity. Therefore, this residual portion of the estate should bear the burden of those costs not chargeable against the net probate estate.

In effect, the charities argue that the statutory provision acts to modify the testator's will to the extent that the testator's issue become, in fact, residuary beneficiaries as to that portion invalidated by the Mortmain Statute. Therefore, such residue must bear the burden of all costs not included within the net probate estate.

Under R.C. 2107.06(D) the net probate estate is defined as the "value of all the testator's assets * * * less all debts and costs and expenses of administration, but prior to the payment of any estate or inheritance taxes." Both parties agree that in order to determine the charities' share of the estate, that there must be a deduction of all debts and costs and expenses of administration. However, thereafter the charities claim that they are entitled to the fixed statutory maximum of twenty-five percent. The appellants claim that the twenty-five percent is subject to the residual burden of taxes, fees and costs of administration provided for in the will.

The trial court ruled that:

"Shrine Children's Hospital, Shrine Burn Unit, and St. Jude's Hospital (the charitable beneficiaries) divide equally twenty-five percent (25%) of the Net Probate Estate of Theodore Woods, Sr. Net Probate Estate shall be determined by subtracting all the debts, costs and expenses of administration; but, shall not include any estate or inheritance taxes."

The sole issue presented on this appeal is whether the trial court erred in declaring the method for determining the amount of estate proceeds to be received by the charitable beneficiaries under the Mortmain Statute and the will.

There is no dispute that the charitable beneficiaries are entitled to receive twenty-five percent of the net estate. R.C. 2107.06(D) provides that the net estate is all the testator's assets less all debts and costs and expenses of administration, but prior to the payment of any estate or inheritance taxes.

Under the provisions of the will, the testator ordered that "[a]ll taxes, fees and costs of administration shall be paid out of my residual estate." Obviously, then, the testator's intent was that the residual estate should be charged with taxes, fees and costs of administration.

There are two rules of construction which are pertinent to the facts of this case. First, the language used by the testator is presumed to have a testamentary purpose and cannot be ignored. Second, applicable statutes are indicative of the testamentary intent of the testator since it is presumed that the testator had knowledge of the law that would control the distribution of his estate. *Cook* ·v. *Crabill* (1959), .110 Ohio App. 45 [12 O.O.2d 220].

The residual estate is that portion of an estate which creates a surplus and is

not otherwise effectively disposed of; that portion which remains after all the named bequests have been discharged.

Should there be remaining assets available for distribution after the charitable beneficiaries' share has been discharged, then that portion of the estate becomes the residual estate.

In the case at bar, the testator provided that the three named charities should each receive one third of the rest, residue and remainder of his estate. Obviously, it was his desire that these charities should receive the balance of his estate once the individual bequests were fulfilled. In order to give effect to the intention of the testator to give the charities as much as possible, his will cannot be so construed, so as to require that the charities' share be diminished first, by the statutory twenty-five percent, and second, by the taxes, fees and costs of administration. *Fitzgerald* v. *Bell* (P.C. 1941), 33 Ohio Law Abs. 423 [20 O.O.18], and *Flynn* v. *Bredbeck* (1946), 147 Ohio St. 49 [33 O.O 243].

To give effect to the disposition that the testator had in mind to give the charities the balance of his estate, the statutory residuaries' share must be charged with the taxes, fees and costs of administration.

The testator specified in his will that the residual estate was to be assessed the taxes, fees and costs of administration. However, in the event that the residual estate is insufficient to pay these items of expenses, then the charitable beneficiaries' share shall be chargeable to the extent of the deficiency.

The testator declared that after the specific bequests were made to his children and grandchildren, all the rest, remainder and residue of his estate was to be divided in thirds to the three charities. Had the testator died beyond the six-month period from the date of his will, the residuary beneficiaries would have been the three named charities. Since he died within the six-month period, the Mort-main Statute limited the charities' taking to the extent of twenty-five percent. The application of the statute resulted in a surplus remaining after all the legacies had been discharged. This surplus is to be distributed to the testator's issue according to R.C. 2107.06(C) and is the residual estate.

Therefore, the taxes, fees and costs of administration are to be charged against the surplus estate first, and then, if there is a deficiency, against the charitable beneficiaries' share.

The assignment of error is overruled and the judgment is affirmed consistent with this decision.

*Judgment affirmed.*

QUILLIN, P.J., and MAHONEY, J., concur.