OPINION
Plaintiff-Appellant Kimberly Walther-Coyner appeals the December 13, 1999 decision and entry of the Montgomery County Common Pleas Court, Probate Division, granting summary judgment in favor of Defendants-Appellees Frances A. Walther, Trustee, D'Arcy Walther, Individually and in the capacity of Administrator with Will Annexed, Serena Walther, and Chadwick Walther.
George N. Walther, Jr. died on March 9, 1998, leaving a will dated June 15, 1982. George was married twice and each marriage had produced three children. George III ("Skipp"), Jeffrey, and David were born of his first marriage. Skipp died in 1974 in a tragic boating accident, leaving behind one daughter, Kimberly. George's children from his second marriage to Barthena Walther were D'Arcy, Serena, and Chadwick. Barthena predeceased George. At the time of George's death, D'Arcy, Serena and Chadwick were 29, 28, and 25, respectively.
The relevant portions of the will at issue are Items III and IV, which read in pertinent part:
 ITEM III. If my said spouse [established in Item I to be Barthena Walther] predeceases me, and if, at the time of my death, all of my children have then attained the age of thirty (30) years, then my residuary estate shall be divided into a sufficient number of shares, equal in value, to make one such share for each child of mine who survives me and one such share for any lineal descendants, collectively, who survive me, of each child of mine who predeceases me, and such shares I give as follows:
A. One such share to each child of mine who survives me.
 B. One such share, per stirpes, to the lineal descendants who survive me of each child of mine who predeceases me.
 ITEM IV. If my said spouse predeceases me, and if, at the time of my death, all of my children have not then attained the age of thirty (30) years, then I give my residuary estate to the Trustee, designated in Item VII hereof, in trust, to be held, managed, invested and from time to time reinvested, and disposed of as follows:
* * *
 B. When all of my children have attained the age of twenty-three (23) years, or have sooner died, the Trustee shall divide the then remaining principal and any undistributed net income of the trust into a sufficient number of shares, equal in value, to make one such share for each child of mine who is then living and one such share for any then living lineal descendants, collectively, of each child of mine who is then deceased, and such share or shares shall be disposed of as follows:
 1. One such share shall be distributed to each then living child of mine who has then attained the age of thirty (30) years.
 2. One such share shall be distributed, per stirpes, to the then living lineal descendants of each such deceased child of mine, subject to the provisions of paragraph F below.
 3. One such share shall be allocated to, and thereafter held in separate trust for each such then living child of mine who has not then attained the age of thirty (30) years * * *.
* * *
 C. For all purposes of this will, references to a child or children of mine, or to my children, shall be deemed to include only a child or children of mine born or legally adopted by me during my marriage to my said spouse, and I have intentionally, and not by oversight, omitted any references in this my will to my two living children by my first marriage, JEFFREY BRENT WALTHER and DAVID D. WALTHER; references to lineal descendants shall be deemed to include lineal descendants of the designated ancestor by legal adoption as well as of the blood and their lineal descendants by adoption and of the blood. A decision of the Trustee made in good faith as to whether a person is a child or lineal descendant shall be conclusive for all purposes. * * *.
On December 10, 1998, Frances wrote Kimberly a letter in response to her request for a determination of "child" or "children" as used in George's will. Frances determined that under Items III and IV, only D'Arcy, Serena, and Chadwick were "children" eligible to participate in the trust. Because Kimberly was not a lineal descendant of a deceased child "born of or legally adopted by [George] during [his] marriage to [Barthena]," Frances decided that Kimberly was not eligible to participate in the trust. Kimberly filed a complaint for construction of George's last will and testament on March 1, 1999, claiming that she was a "residual beneficiary" under Item III.B. of the will.
Defendants served Kimberly with a request for admissions on June 14, 1999. Defendants asked Kimberly to admit that (1) she was not born to or legally adopted by George during his marriage to Barthena, (2) she was not a lineal descendant of a child born to or legally adopted by George during his marriage to Barthena, (3) Serena and Chadwick had not reached the age of 30 years, (4) she was a lineal descendant of Skipp, who was born prior to the marriage of George and Barthena, and (5) Frances had decided that Kimberly was not a child or a lineal descendant under Item IV.C. of George's will, and thus was not eligible to participate in the trust. Kimberly filed a motion for a protective order against Defendants, which the probate court overruled on July 20, 1999.
Defendants filed a motion for summary judgment on August 25, 1999. Defendants argued that Kimberly had failed to respond to the request for admissions, and thus, in effect, had admitted that she did not fall within the qualifications to participate in the trust. Furthermore, Defendants argued that Kimberly had not met her burden of proof in establishing that she was born to or legally adopted by George during his marriage to Barthena, or that Frances had not made a good faith effort in deciding that Kimberly had not met those qualifications.
Kimberly filed a response to Defendants' motion, and asserted a cross-motion for summary judgment. She further argued that her responses to Defendants' request for admissions, which she had submitted to Defendants two days before they filed their motion for summary judgment, placed material facts in dispute and thus summary judgment was not warranted. Kimberly further asserted that Item III.B. and Item IV.B.2 indicated George's intention to provide a share of his estate to all surviving lineal descendants of children who had predeceased him. As she is a lineal descendant of Skipp, who predeceased George, Kimberly argued that she was entitled to a share of the trust.
Defendants responded to Kimberly's cross-motion by arguing that she had provided "disingenuous" responses to their request for admissions. According to the Defendants, under Item IV, which was controlling, Kimberly is not a lineal descendant of George through his marriage to Barthena, therefore she could not participate in the trust.
On December 13, 1999, the probate court issued an amended decision and entry on the matter, which stated:
 This cause came before the Court on the Motion for Summary Judgment filed by the Defendants, through counsel, on August 25, 1999. Also before the Court is Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment filed through counsel on September 2, 1999. Also before the Court is Defendants' Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment and Defendants' Memorandum in Opposition to Plaintiff's Cross-Motion for Summary Judgment filed through counsel on November 2, 1999.
 The Court, after reviewing said pleadings, hereby finds that the Motion for Summary Judgment filed by the Defendants is well taken and the Court sustains same.
Plaintiff's Cross-Motion for Summary Judgment is overruled.
(Docket No. 25 at 1-2.) Kimberly now appeals, asserting three assignments of error.
Preliminarily, we note that an appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. ClevelandCity Schools (July 10, 1997), Cuyahoga App. No. 71283, unreported, citing Dupler v. Mansfield Journal (1980), 64 Ohio St.2d 116,119-120, 18 Ohio Op.3d 354, 365-357. In other words, we review the trial court's decision without according it any deference. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704,711.
Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66, 8 Ohio Op.3d 73, 74-75; Civ.R. 56(C). The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc. which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant. With these principles in mind, we proceed to consider whether the probate court's grant of summary judgment in Defendants' favor was appropriate.
 I. The trial court erred in granting summary judgment to Defendants-Appellees.
 II. The trial court may have relied upon evidence improperly considered and construed in its grant of summary judgment to Defendants-Appellees.
 III. The terms of decedent's will constitute a genuine issue of material fact as to the right of Plaintiff-Appellant to recover under the will.
Kimberly sets out three separate assignments of error, however, after reviewing her brief we find two main issues for our review: (1) in failing to issue reasons for granting Defendants' motion for summary judgment, the probate court can be presumed to have relied upon "improper" evidence, and (2) because George specifically and intentionally disinherited Jeffrey and David without mentioning Skipp, George did not intend to disinherit Skipp's lineal descendants, and therefore Kimberly has a right to participate in the trust as a lineal descendant of George's.
Regarding the first issue, Kimberly argues that because the probate court's decision did not state otherwise, it relied upon "improper" evidence in granting Defendants' motion for summary judgment. This "improper" evidence consisted of the "disputed" requests for admissions and Defendants' claims that Kimberly's "failure to respond" to said admissions was an admission itself. We do not agree. In fact, we find that the evidence which Kimberly argues is in "dispute" was properly admitted evidence and she failed to object to it.
When introducing evidentiary matter in a motion for summary judgment that is not specifically authorized by Civ.R. 56(C), a party must incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E). Biskupich v. Westbay ManorNursing Home (1986), 33 Ohio App.3d 220, 222. See, also, State,ex rel. Corrigan v. Seminatore (1981), 66 Ohio St.2d 459, 467, 20 Ohio Op.3d 388, 393 ("The requirement of Civ.R. 56[E] that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions."). A court may, however, in its discretion, consider other documents than those specified in Civ.R. 56(C) if there is no objection. Brown v. Ohio Casualty Insurance Co. (1978), 63 Ohio App.2d 87,90-91, 17 Ohio Op.3d 267, 269.
In this regard, we find no error in the trial court's consideration of Kimberly's responses to Defendants' requests for admissions. Kimberly attached her responses to her cross-motion for summary judgment. Neither party objected to the incorporation of these responses to her cross-motion. In her responses, Kimberly admitted that she was born to Skipp on December 25, 1974, and that she was a direct lineal descendant of George and Skipp.
Additionally, properly attached to Defendants' motion in opposition to Kimberly's cross-motion for summary judgment was an affidavit by D'Arcy which stated that he, Serena, and Chadwick, the children who were lineal descendants of George's and Barthena's, at the time of George's death had not reached the age of 30. Kimberly did not object to this affidavit, nor did she produce any evidence to the contrary. Instead, contained in her response to Defendants' request for admissions was a denial of knowledge of whether D'Arcy, Serena or Chadwick had reached the age of 30. Further support for the trial court's decision was Frances' determination that Kimberly was not a lineal descendant of George from his marriage to Barthena, a fact which Kimberly did not contest.
We must also mention that "unless there is some indication to the contrary, it will not be presumed that a court considered matters which were prima facie improper simply because the court was free to do so, for this would presume irregularity by the court." Biskupich, supra, at 222-223. While it is true that the probate court did not provide any reasoning for its decision, Kimberly failed to provide any evidence that the court based its decision on improper evidence. To the contrary, uncontraverted evidence was present in the record from which the trial court could have based its decision. Therefore, in light of the above analysis, and without evidence to the contrary, we must presume that the probate court relied only upon evidence which it could properly consider, and that such evidence supported its decision.
The second issue for our consideration is whether the probate court's construction of the will was correct because under Item IV, there was no specific language to disinherit Skipp's lineal descendants. Kimberly argues that the language under Items III and IV is confusing, and it is possible to interpret the will's language in several conflicting ways. For the following reasons, we do not agree with Kimberly's theory.
A testator has a right to dispose of his property in a manner he thinks fit, and his intentions should be carried out unless they are contrary to law or against public policy. Moskowitz v.Federman (1943), 72 Ohio App. 149, 161, 27 Ohio Op.3d 53, 58. It is the duty of the court "to ascertain and give effect to the intention of the testator." Findley v. City of Conneaut (1945),145 Ohio St. 480, 486, 31 Ohio Op. 161, 164. The intent of the testator should be determined through the testator's language.Brasher v. Marsh (1864), 15 Ohio St. 103, 108. Furthermore, it is a fundamental rule of construction that "the language deliberately used in a will is presumed to have been placed there for a purpose and cannot be arbitrarily ignored." Cook v. Crabill
(1959), 110 Ohio App. 45, 46, 12 Ohio Op.2d 220, 221.
The record reflects that Barthena predeceased George, and at the time of his death D'Arcy, Serena and Chadwick had not reached the age of 30. Thus, Item IV of the will controlled instead of Item III. The language of Item IV.C. is clear and unambiguous that George intended inheritance for only his heirs born of his second marriage to Barthena. We further find that George's language specifically disinheriting Jeffrey and David does nothing to modify George's definition of "child" under Item IV.C., because George specifically disinherited his living children, and at the time the will was made, Skipp was already deceased. It is true that an heir cannot be disinherited by conjecture, but only by express words or necessary implications. Crane v. Doty (1853), 1 Ohio St. 279; Birman v. Sproat (1988),47 Ohio App.3d 65, 68. We find the necessary implication that existed in George's will to disinherit Kimberly was that language which stated "For all purposes of this will, references to a child or children of mine, or to my children, shall be deemed to include only a child or children of mine born or legally adopted by me during my marriage to my said spouse."
Therefore, based upon the above discussion, we cannot presume that the probate court relied upon any improper evidence in making its decision granting Defendants' motion for summary judgment. Additionally, there was sufficient evidence in the record for which the probate court could base its decision, and we find that the court properly construed George's will regarding Kimberly's ability to participate in the trust. As such, we find that the probate court properly determined that Defendants were entitled to summary judgment as there were no genuine facts in dispute and Defendants were entitled to judgment as a matter of law. Civ.R. 56(C).
The judgment of the trial court is affirmed.
 _______________________________ FREDERICK N. YOUNG, J.
WOLFF, J. and FAIN, J., concur.