BROWN, APPELLANT, *v.* OTTO C. EPP MEMORIAL HOSPITAL, APPELLEE.

(No. C-830910—Decided October 17, 1984.)

*Kircher & Phalen* and *Robert B. Newman,* for appellant.

*Baker & Hostetler* and *Charles J. Chastang,* for appellee.

*Per Curiam.* Plaintiff-appellant's suit against Otto C. Epp Memorial Hospital for breach of contract was dismissed, under Civ. R. 12(B)(6), for failure to state a claim upon which relief can be granted. We reverse and remand for further proceedings.

When a motion to dismiss is filed under Civ. R. 12(B)(6), the material allegations of the complaint are taken as true. *State, ex rel. Alford,* v. *Willoughby Civil Service Comm.* (1979), 58 Ohio St. 2d 221, 223 [12 O.O.3d 229]. In order for this court to affirm a dismissal, it must appear from the face of the complaint that plaintiff could prove no set of facts that would entitle her to recovery. *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223].

Plaintiff, Charlene Brown, alleges that she was employed by defendant, Otto C. Epp Memorial Hospital, for eleven years as a full-time nurses aide, that she took a thirty-day leave of absence due to illness, and that in accord with defendant's policies she submitted a statement from her attending physician that due to her illness she would be unable to work for the thirty-day period. Plaintiff also alleges that defendant's Employee Handbook provides that after such a leave of absence an employee could not be assured of his or her former position, but would "be considered for any available similar position of like pay and classification." Plaintiff alleges that similar positions of like pay and classification have been available, that she was not considered for reemployment for these positions, and that had she been considered, she would have been reemployed in light of her eleven years of previous employment. Plaintiff therefore prays for judgment reinstating her to the defendant's employment and awarding her back pay from the date on which she should have been reemployed, attorney fees, and such other relief as is just and proper.

This court has held that under certain circumstances an employee handbook can be part of an employment contract. In *Hairston* v. *A. M. Kinney, Inc.* (Apr. 8, 1981), Hamilton App. No. C-800184, unreported, we held that an employer's written employment policy was a part of the employment contract because the policy was clearly intended by both the employer and the employee to form the basis of their relationship. The instant case is directly governed by *Hedrick* v. *Center for Comprehensive Alcoholism Treatment* (1983), 7 Ohio App. 3d 211, in which we held that a Civ. R. 12(B)(6) dismissal was erroneous, because the employee, on the face of her complaint, might be able to prove that the terms and conditions of an employee handbook and various policy statements issued by her employer, were a part of her contract.

Dismissal of the instant case was therefore error, for if plaintiff can prove that the handbook was indeed a part of her employment contract, the merits of her claim are entitled to consideration. The reviewing court will imply defendant's good faith compliance with the terms of the contract in accord with the common law. See *Gabriel* v. *Allstate Ins. Co.* (Dec. 5, 1979), Clermont App. No. CA-813, unreported. Plaintiff's allegation of breach could then be substantiated by proof that defendant failed to give her good faith consideration for reemployment, thereby entitling her to damages and other appropriate relief.

Plaintiff's single assignment of error has merit. The judgment below is reversed and the cause is remanded for further proceedings.

*Judgment reversed and*
*cause remanded.*

KEEFE, P.J., SHANNON and BLACK, JJ., concur.