Plaintiffs-appellants, Patricia Butler and Vera White, appeal from an order of the trial court granting summary judgment against them in this automobile hit-skip personal injury action.
Plaintiffs were pedestrians at an RTA bus shelter that was struck by a hit-and-run driver. They filed this action against Canoda Carson, the hit-skip driver, RTA, and Gladys Young, the driver of another vehicle that had been struck by the hit-and-run driver before it collided with the bus shelter. The hit-skip driver did not answer the complaint, and RTA and Young filed motions for summary judgment on the claims against them.
Plaintiffs recovered default judgments against the hit-skip driver, and the trial court granted summary judgment in favor of RTA and Young, the other driver. This appeal challenges the judgment for Young.
Young's motion for summary judgment argued that she was not negligent and that plaintiffs' injuries were proximately caused by the hit-and-run driver as he fled the scene. Neither plaintiff was looking at traffic on the street or witnessed any part of the accident. Young's affidavit stated as follows:
 1. On April 24, 1995, at about 3:00 p.m., I was travelling east on Kinsman Road. At that time, I was driving a 1991 Dodge Caravan, which was gray in color.
 2. I decided to purchase various items at a Rite Aid drug store, which was located on the north side of Kinsman. Accordingly, I brought my van to a complete stop and waited for westbound traffic on Kinsman to clear.
 3. After the westbound traffic on Kinsman cleared, I noticed that the traffic light at the next intersection to the east of my location, the East 116th intersection, had turned red for both east and westbound traffic.
 4. After traffic had cleared and the light at the intersection of Kinsman and East 116th had turned red for both east and westbound traffic, I began to make a lefthand turn into the Rite Aid parking lot.
 5. After I began to make my lefthand turn into the Rite Aid parking lot, a burgundy colored vehicle travelling westbound on Kinsman Road at an excessive rate of speed, proceeded through the traffic light at Kinsman and East 116th Street and struck the corner of my van's front bumper on the passenger side.
 6. The burgundy vehicle applied its brake prior to impact, but was unable to avoid a collision with my vehicle.
 7. After the burgundy vehicle collided with my van, the burgundy vehicle came to a complete stop.
 8. After the burgundy vehicle came to a complete stop, its driver pressed its accelerator, causing the burgundy's engine to rev. He did this in an apparent effort to flee the scene.
 9. However, when the driver of the burgundy vehicle pressed the accelerator to flee the scene, he lost control of his vehicle and struck a bus shelter stop.
 10. After striking the bus shelter stop, the burgundy vehicle then backed out and proceeded to flee the scene.
 11. The impact between the burgundy vehicle and my car was separate from the burgundy vehicle's impact with the bus shelter.
In a consolidated brief in opposition to both motions for summary judgment, plaintiffs focused principally on the motion filed by RTA. Three and one-half pages of the brief responded to Young's motion for summary judgment and argued that she made an improper left-hand turn before the initial collision. The brief, however, was not supported by any admissible evidence.
Plaintiffs could not testify about the incident because neither one was looking at traffic on the street or witnessed any part of the accident. Moreover, plaintiffs did not depose Young to cross-examine her version of the events or to discover any additional information. Nor did they obtain testimony from the hit-skip driver, Canoda Carson. Rather, police reports and unsigned statements allegedly made by Young to a private investigator after the accident were the only documents stapled to their brief.
The trial court granted summary judgment in favor of Young. Plaintiffs timely appeal, raising the following three assignments of error to challenge the trial court's judgment:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT GLADYS YOUNG IN THAT BOTH STATUTE AND STARE DECISIS SHOW HER TO HAVE BEEN NEGLIGENT PER SE WITH REGARD TO HER MANNER OF OPERATING HER VEHICLE.
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT GLADYS YOUNG IN THAT THERE ARE NUMEROUS ISSUES OF MATERIAL FACT WHICH, WHEN VIEWED IN THE LIGHT MOST FAVORABLE TO THE NON-MOVING PARTY, RENDER GRANTING OF SUMMARY JUDGMENT INAPPROPRIATE.
 THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT GLADYS YOUNG'S MOTION FOR SUMMARY JUDGMENT BASED ON ITS CONCLUSION THAT PLAINTIFFS SUBMITTED ". . . NO RELEVANT CIVIL RULE 56(C) EVIDENTIARY MATERIALS IN OPPOSITION TO DEFENDANT YOUNG'S SWORN TESTIMONY."
These assignments lack merit.
Plaintiffs argue generally that the trial court improperly granted summary judgment in favor of Young. They contend that the police report and investigator's statement attached to their brief were sufficient to defeat her motion for summary judgment. They also contend that Young was negligent per se
because her car was struck as she made a left-hand turn into a parking lot.
Civ.R. 56(C) establishes the standard governing summary judgment and provides in pertinent part as follows:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. * * * (Emphasis added.)
It is improper for parties simply to staple documents to their briefs for purposes of consideration on motions for summary judgment. Instead, the proper procedure to introduce evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E). E.g., Biskupich v. ManorNursing Home (1986), 33 Ohio App.3d 220, 222, citing State exrel. Corrigan v. Seminatore (1981), 66 Ohio St.2d 459, 467. Trial courts are presumed not to consider improper evidentiary material.
Police reports and private investigator's statements are not materials authorized by Civ.R. 56(C) for consideration on a motion for summary judgment. Moreover, plaintiffs did not offer evidence to authenticate these documents or to certify that they were true copies of what they were purported to be. Such authentication is a condition precedent to admissibility. Evid.R. 901. Although the police report is a public record, the report was not self-authenticating because the document was not certified as a true copy of an official public record. Evid.R. 902; Civ.R. 44. Accordingly, the trial court properly refused to consider these materials. Id.[1]
The trial court likewise did not err by granting summary judgment in favor of Young. Her affidavit, quoted above, revealed that she was not negligent and did not cause or contribute in any way to the hit-skip driver's collision with the bus shelter while he was trying to flee the scene of the accident.
Plaintiffs' contention that Young was negligent per se
because she was struck while turning left, in violation of R.C.4511.42, is unpersuasive. R.C. 4511.42 provides as follows:
 The operator of a vehicle, streetcar, or trackless trolley intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle, streetcar, or trackless trolley approaching from the opposite direction, whenever the approaching vehicle, streetcar, or trackless trolley is within the intersection or so close to the intersection, alley, private road, or driveway as to constitute an immediate hazard.
The record in the case at bar contains absolutely no evidence that the burgundy hit-skip vehicle was "within or so close to the intersection as to constitute an immediate hazard" to render Young negligent per se. Finally, even if Young were negligent as plaintiffs contend, the record contains uncontradicted evidence that the hit-skip driver proximately caused the subsequent collision with the bus stop. The only admissible evidence describes the event as follows: the hit-skip driver completely stopped his car after he struck Young's car and he did not hit the bus shelter until he subsequently tried to flee the scene. (Young Affid. Paras. 7 through 9.)
Accordingly, plaintiffs' three assignments of error are overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and KENNETH A. ROCCO, J., CONCUR.
 _______________________________ DIANE KARPINSKI JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] It should be noted that, even if plaintiffs had properly authenticated the police report, its contents were hearsay and were not admissible under Evid.R. 803(8) as a public record and report. Petti v. Perna (1993), 86 Ohio App.3d 508. The report was recorded by an officer who responded to the scene after the collision, was not based on his own personal observations, and merely collected statements by other witnesses. Id.