BUZZARD, Executor, Appellant,

v.

PUBLIC EMPLOYEES RETIREMENT SYSTEM OF OHIO, Appellee.

[Cite as *Buzzard v. Pub. Emp. Retirement Sys. of Ohio* (2000), 139 Ohio App.3d 632.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–799.

Decided May 9, 2000.

*Izenson, Snell, Fuchsman & Brinkman* and *Richard G. Snell,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Julie P. Emch,* Assistant Attorney General, for appellee.

PETREE, Judge.

On June 8, 1998, plaintiff, Jill Buzzard, executor of the estate of David Buzzard, filed a complaint for a mandatory injunction, or, in the alternative, for a writ of mandamus against defendant, Public Employees Retirement System of Ohio. On March 15, 1999, defendant filed a motion for summary judgment. Defendant's motion was granted by the trial court on June 15, 1999. The facts of this action were set forth by the trial court as follows:

"David B. Buzzard * * * plaintiff's husband, was an employee of Cincinnati State Technical and Community College and was a member of PERS. Following allegations of theft, however Buzzard's employment with the College was terminated. His last day of work was October 22, 1997.

"Buzzard filed an application for age and service retirement benefits with PERS on October 28, 1997. On the application form, Buzzard requested, from among five choices, a retirement plan designated 'Plan A.' The provisions of Plan A were as follows:

"A joint survivorship annuity providing for the payment of an annuity to me as long as I live and thereafter one-half (50 percent) of such annuity to my spouse if he/she survives me for as long as he/she lives. (When Plan A is selected, your spouse must sign the SPOUSES STATEMENT in the following AFFIDAVIT section.) (If you would like a percentage other than 50, see PLAN C or D below).

" * * * The form which sets forth the various retirement Plans further specifies that the member may change his or her selection, or beneficiary, at any time prior to receiving the first benefit payment. Buzzard selected Plan A and designated plaintiff as his beneficiary. [Footnote omitted.] Plaintiff signed the Spouse's Statement as required by the language of Plan A.

"Buzzard committed suicide on November 4, 1997. On November 18, 1997, defendant informed plaintiff that she had been designated as Buzzard's beneficiary and would begin receiving benefits pursuant to Plan A.

"Plaintiff subsequently contacted PERS and attempted to change the retirement plan under which she would be receiving benefits. Plaintiff contended that because neither she nor decedent had yet cashed any benefits checks, she should be able to change the retirement plan in order to receive a greater percentage of the annuity to which decedent was entitled or, indeed, the entire amount. PERS refused to allow plaintiff to change the retirement plan, however, stating that only the member who selected the retirement plan was eligible to change said plan, regardless of whether checks issued under a particular plan had been cashed or not. Plaintiff subsequently initiated the instant action."

As noted, the trial court granted the defendant's motion for summary judgment. Plaintiff now appeals raising the following two assignments of error:

"[I.] The trial court erred in granting summary judgment for the Defendant and holding that the decedent possessed the requisite mental capacity at the time he completed his application of benefits under the Public Employees Retirement System, R.C. 145.01 et seq."

"[II.] The trial court erred in granting summary judgment for the Defendant and holding that the executrix of the decedent's estate could not elect to change the payment option the decedent had selected on his application for benefits from the Public Employees Retirement System, where the executrix sought to make such a change before the decedent had received or cashed his first benefit warrant."

■ A Civ.R. 56 motion for summary judgment is a procedural device designed to terminate litigation where a resolution of factual disputes is unnecessary. When presented with an appeal from either the grant or disallowance of a motion for summary judgment, this court applies the same standard applied by the trial court and considers the motion as if it had been presented to this court for the first time. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 671 N.E.2d 241.

Under both the federal and Ohio rules of civil procedure, in order to obtain summary judgment, a party must establish (1) that there is no genuine issue as to any material fact, (2) that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party, and, thus (3) that the party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

A party moving for summary judgment must establish the lack of a genuine issue of material fact concerning each of the elements of his or her opponent's case. Civ.R. 56(C). See, also, *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264, 265. In order to carry this burden, the Ohio Supreme Court has explained that, "the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment." *Id.*

■ In determining whether a genuine question of material fact exists, a court is always obligated to view the evidence presented in the light most favorable to the nonmoving party. *Temple v. Wean* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267. However, provided the moving party has satisfied the three-part inquiry set forth above, the nonmoving party is not permitted to rest upon the allegations or denials contained in his or her pleading, but must come forth with specific facts showing the existence of a genuine issue for trial. Civ.R. 56(E); *Wing v. Anchor Media, Ltd.* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d

1095, 1099, following *Celotex v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265. Having applied the relevant law to the facts of this case, we conclude that summary judgment in favor of the defendant was appropriate.

■ After a careful review of the record, this court has been unable to find any admissible evidence that would raise a genuine issue of material fact concerning whether the decedent lacked the capacity to contract at the time he made the election to receive his retirement payout. It is well settled that in the context of a motion for summary judgment, both the moving and nonmoving party, if necessary, must direct the court's attention to evidentiary materials of the type listed in Civ.R. 56. Civ.R. 56(C) sets forth a limited list of material that may be considered when ruling upon a motion for summary judgment. *Spier v. Am. Univ. of the Caribbean* (1981), 3 Ohio App.3d 28, 3 OBR 29, 443 N.E.2d 1021. Specifically, as provided by Civ.R. 56(C), summary judgment is appropriate only when it may be determined from "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any * * * that there is no genuine issue as to any material fact."

■ Although it may at first appear that Civ.R. 56(C) sets forth an exclusive list of material that may be considered, in the event that a document is not one of the listed types, it may be introduced as proper evidentiary material if incorporated by reference in a properly framed affidavit. *Martin v. Central Ohio Transit Auth.* (1990), 70 Ohio App.3d 83, 89, 590 N.E.2d 411, 415; *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 515 N.E.2d 632. The *Biskupich* court explained:

"The proper procedure for introducing evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E). See, *e.g., State ex rel. Corrigan v. Seminatore* (1981) 66 Ohio St.2d 459, 467 [20 O.O.3d 388, 393, 423 N.E.2d 105, 111]. * * * ('The requirement of Civ.R. 56(E) that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions.')" *Id.* at 222, 515 N.E.2d at 634.

■ In this case, plaintiff failed to submit any evidence of the type specifically listed in Civ.R. 56(C) in response to the defendant's properly supported motion for summary judgment. Plaintiff also failed to properly incorporate the evidentiary material that was actually submitted in response to the defendant's motion. Below, and now on appeal, plaintiff relies upon two letters that were typed and allegedly signed by her late husband. While plaintiff maintains these letters raise an issue of fact as to the decedent's capacity to contract at the time he made the election to receive his retirement benefits, no weight can be given to these

letters as they have not been authenticated, are not a type of documentary evidence enumerated in Civ.R. 56(C), nor have they been properly incorporated into the record by way of affidavit. Again, Civ.R. 56(C) clearly provides that "[n]o evidence or stipulation may be considered except as stated in this rule."

■ An individual who has not been adjudicated as mentally incompetent in a court of law is presumed to be in fact competent. *Davis v. Marshall* (Aug. 9, 1994), Franklin App. No. 94APE02–158, unreported, 1994 WL 425169. In this case, absent evidence showing that the decedent was adjudicated incompetent or admissible evidence raising a genuine issue of fact as to the decedent's competency, we find that summary judgment in the defendant's favor was appropriate. Accordingly, plaintiff's first assignment of error is not well taken.

■ In her second assignment of error, plaintiff argues that the trial court erred when it concluded that she was not able to change the payment option selected by her husband prior to his death. While the ability to change the payment option selected by the decedent would clearly benefit the plaintiff, there is simply no support for the plaintiff's assertion that a beneficiary or executor of an estate is allowed to change the payment option selected by a member of the defendant's retirement system.

In *State ex rel. Horvath v. State Teachers Retirement Bd.* (1998), 83 Ohio St.3d 67, 697 N.E.2d 644, the Ohio Supreme Court explained that the nature and extent of a member's property rights in the defendant's retirement system are determined solely by the statutes and regulations that govern that system. The election of a payout plan for a retirement account with the defendant is governed by R.C. 145.46. That section allows members of the defendant's system to choose the plan of payment for the receipt of their benefits. A "member" of the defendant's system is defined as "any public employee, other than a public employee excluded or exempted from membership in the retirement system." R.C. 145.01(B). A "beneficiary," however, is defined as "the estate or a person or persons who, as the result of the death of a member, contributor, or retirant, qualify for or are receiving some right or benefit under this chapter." R.C. 145.01(G). While R.C. 145.46 allows a member to change the plan of payment under certain circumstances, it does not allow a beneficiary or executor to change a member's selection. Indeed, Ohio Adm.Code 145–15–01(A) provides that:

"If a member has filed an application for retirement pursuant to section 145.32, 145.33, 145.331, 145.34, 145.37 or 145.46 of the Revised Code and his death occurs subsequent to the effective retirement benefit date, the beneficiary and benefit payable shall be determined by the plan of payment and beneficiary designated by the member on the application for retirement benefits."

As set forth in plaintiff's complaint, the decedent's last date of employment was October 22, 1997. On October 28, 1997, the decedent filed his application for

retirement benefits with the defendant. Pursuant to R.C. 145.32, the decedent's retirement was then effective on November 1, 1997. On November 4, 1997, the decedent died. Therefore, Ohio Adm.Code 145–15–01(A) is directly applicable to the situation at hand.

■ Under Ohio law, "[m]andamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. As set forth in *State ex rel. Hattie v. Goldhardt* (1994), 69 Ohio St.3d 123, 630 N.E.2d 696, in order to obtain a writ of mandamus, the party seeking the writ must demonstrate (1) that he or she has a clear legal right to the relief requested, (2) that the party to whom the writ will be issued has a clear legal duty to grant or provide the relief requested, and (3) that he or she has no adequate remedy at law by which to obtain or enforce the claimed right. *Id.* at 125, 630 N.E.2d at 698.

■ Similarly, to be entitled to the extraordinary equitable remedy of a mandatory injunction, the moving party must establish that a vested right has been abridged, infringed upon, or eliminated. *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631. That party must also show by clear and convincing evidence that immediate and irreparable harm will result if the injunction is not granted, and that no adequate alternative remedy at law exists. *Lemley v. Stevenson* (1995), 104 Ohio App.3d 126, 136, 661 N.E.2d 237, 244. Irreparable injury is one for which there is no plain, adequate, and complete remedy at law, and for which money damages would be impossible, difficult, or incomplete. *Cleveland v. Cleveland Elec. Illum. Co.* (1996), 115 Ohio App.3d 1, 12, 684 N.E.2d 343, 350.

Plaintiff has not come forward with evidence that shows she has a clear legal right to the relief requested, or that the defendant has a clear legal duty to provide that relief. As such, she has not demonstrated her entitlement to a writ of mandamus. Plaintiff also has not demonstrated that a vested right has been abridged, nor has she come forward with clear and convincing evidence that immediate and irreparable harm will result if an injunction is not issued. Accordingly, plaintiff has also failed to demonstrate that she is entitled to a mandatory injunction. Therefore, plaintiff's second assignment of error is not well taken.

For the foregoing reasons, both of plaintiff's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PEGGY BRYANT, J., concurs.

TYACK, J., dissents.

TYACK, Judge, dissenting.

I respectfully dissent.

On June 8, 1998, Jill Buzzard filed an action in the Court of Common Pleas for Franklin County, Ohio, seeking either a writ of mandamus or an injunction. She filed the lawsuit both individually and as executor of the estate of David B. Buzzard, her late husband. She was attempting to compel the Public Employees Retirement System of Ohio ("PERS") to accept her modified application for retirement benefits.

David B. Buzzard had been a professor at Cincinnati State Technical and Community College when suspicions arose that he had been embezzling funds. On October 22, 1997, the college fired him.

Because David had contributed to PERS for a significant period of time, he was entitled to benefits. He had a range of options available to him and chose the option (Plan A) that provided a joint survivorship annuity, providing for the payment of an annuity to him as long as he lived and payment of fifty percent of the annuity to his wife Jill. He did not choose the option (Plan D), which would have provided one hundred percent of an annuity to his wife.

David executed the paperwork selecting Plan A on October 27, 1997. Eight days later he was dead, having committed suicide. He had yet to receive his first check from PERS.

Jill Buzzard was appointed executor of David's estate and attempted to change the options from Plan A to Plan D. PERS refused. Hence, the lawsuit was filed.

The trial court granted summary judgment for PERS. The majority of this panel affirms that judgment. I am not convinced that the facts and law dictate that result.

No doubt exists that had David Buzzard been thinking clearly he could have chosen Plan D for the benefit of his wife. No doubt exists that had he been thinking clearly he could have modified his option of choice right up to the moment of his death because the statutes governing the PERS allow a member to change options prior to benefits actually being received. The question to be resolved is what PERS can do in those situations where a member places himself or herself (or is placed) in a radically different position after initially choosing an option.

What happens when a member is rendered comatose before the first benefit check arrives? Can a guardian modify the option to cause the benefit to conform

to what the member would have desired had the member been able to choose? What happens when a member, horribly depressed at the unforeseen changes in life, commits suicide? Can a beloved surviving spouse make the change in options the member would have wanted? I believe the answer to these questions is "yes."

Central to this lawsuit is the interpretation of R.C. 145.46. R.C. 145.46(A) provides that a plan of payment becomes effective only if approved by the Public Employees Retirement Board. R.C. 145.46(G) states:

"A retirant's receipt of the first month's retirement allowance constitutes the retirant's final acceptance of the plan of payment and may be changed only as provided in this chapter."

Both of these sections make it clear the payment options are not fixed as of the time the member/retirant executes an application for retirement.

Under the facts of this case, the retirant never received the first month's retirement allowance, so final acceptance of the plan of payment never occurred. Because final acceptance never occurred, I believe that the plan of payment can be changed.

PERS defends its refusal to allow Jill Buzzard to change the payment option from Plan A to Plan D based upon Ohio Adm.Code 145–15–01(A), which reads:

"If a member has filed an application for retirement pursuant to section 145.32, 145.33, 145.331, 145.34, 145.37 or 145.46 of the Revised Code and his death occurs subsequent to the effective retirement benefit date, the beneficiary and benefit payable shall be determined by the plan of payment and beneficiary designated by the member on the application for retirement benefits."

I believe that Ohio Adm.Code 145–15–01(A) conflicts with R.C. 145.46 because it redefines "final acceptance" from the date of receipt of benefits to the date of death of the member. Ohio Adm.Code 145–15–01(A) also appears to ignore the import of R.C. 145.46(A) that a plan of payment shall be effective only upon approval by the board.

I would construe R.C. 145.46(G) to mean that acceptance of the first month's retirement allowance by the member or the member's duly appointed legal representative (guardian, executor or administrator) constitutes final acceptance of the plan of payment on behalf of the member. However, until such final acceptance has occurred, the payment plan can be modified by the member or member's duly appointed legal representative—subject to acceptance by the Public Employees Retirement Board under R.C. 145.46(A).

In short, I would find that Jill Buzzard had the power to do what she attempted to do and that PERS had the legal duty to accept her modified

application for retirement in regard to David Buzzard's account. I, therefore, would grant her the relief she seeks. Because the majority of this panel does not do so, I respectfully dissent.