Plaintiffs-appellants Preston and Roxanne Young appeal from an order of the trial court granting summary judgment in favor of defendants-appellees Cedric and Mary Sanders on their claims of fraud arising out of the sale of residential property.
The Youngs' complaint alleged generally that the Sanders misrepresented the condition of the premises located at 448 South Belvoir Road in South Euclid, Ohio. They attached a copy of the purchase agreement to their complaint. The complaint alleged that they purchased the property in reliance on misrepresentations that the property was in sound structural condition. The complaint, which had once previously been filed and voluntarily dismissed, did not identify any specific misrepresentation or alleged defect in the premises.
The Sanders filed a motion for summary judgment with an accompanying affidavit of Cedric Sanders. The motion highlighted the fact that the purchase agreement provided that the property was being sold as is, and specifically said in its present physical condition. In his affidavit, Cedric Sanders stated he and his wife lived in the house for ten years and had no knowledge or experience with water problems in the basement. He specifically stated he had no knowledge of broken drain tiles under the driveway or a crack in the foundation wall.
The Youngs filed a brief in opposition to summary judgment. Although various documents were attached to their brief, the Youngs did not submit affidavits or any other admissible evidence concerning the present state of the property. The trial court ultimately granted summary judgment against them.
The Youngs timely appeal, raising the following issue :
 WHETHER THE TRIAL COURT ERRED IN GRANTING DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT WHERE GENUINE ISSUES OF MATERIAL FACTS EXISTED CONCERNING THE CONDITION OF THE PROPERTY AT THE TIME OF THE SALE AND THE REPRESENTATIONS MADE BY APPELLEES.
This issue lacks merit.
The Youngs argue that disclosure forms completed by the Sanders prior to the sale misrepresented the condition of the basement and drainage on the property. They also argue that the two forms contained a contradiction concerning the roof. After reviewing the evidence properly filed in the record, we find that the Youngs failed to show a genuine issue of material fact that the Sanders committed fraud.
Civ.R. 56(C) establishes the standard governing summary judgment and provides in pertinent part as follows:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.
The Sanders' motion for summary judgment, supported by the affidavit of Cedric Sanders, specifically denied the Youngs' claim of fraud. As a result, their properly supported motion placed the reciprocal burden upon the Youngs to submit admissible evidence to demonstrate a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429; Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Civ.R. 56(E) governs such a response and provides in pertinent part as follows:
 E) Form of affidavits; further testimony; defense required.
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. * * * When a motion for summary judgment is made and supported as provided by this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided by this rule, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
In an attempt to satisfy their burden, the Youngs' brief in opposition to summary judgment was accompanied by the following eight documents: (1) a copy of the purchase agreement, (2) a completed disclosure form, (3) a property information checklist, (4) a pre-purchase home inspection report, (5) a handwritten list of complaints, (6) a typed list of costs for alleged repairs, (7) a real estate agency disclosure statement, and (8) an unreported appellate opinion. It is well established, however, that parties may not merely staple documents to briefs for consideration on motions for summary judgment. E.g., Butler v. Young (Jan. 14, 1999), Cuyahoga App. No. 73549, unreported at pp. 2-3; Palkovitz v. Hess(Feb. 13, 1997), Cuyahoga App. No. 71068, unreported at p. 2.
With the exception of the purchase agreement, which had already been incorporated in the pleadings, and the unreported opinion, which stated principles of law, none of this material was of the type specified by Civ.R. 56(C) or (E). Specifically, none of the documents relating to the transaction were properly authenticated by or incorporated into an affidavit. See Cincinnati v. Ohio Council 8, American Fedn. Of State, Cty. Mun. Emp., AFL-CIO(1991), 61 Ohio St.3d 658, 671; Biskupich v. Manor Nursing Home (1986), 33 Ohio App.3d 220, 222. As a result, the trial court was not required to consider these materials for purposes of defeating the motion for summary judgment.[1]
More importantly, however, even if the documents had been properly authenticated and were in a proper form, none of them present any otherwise admissible evidence that the premises were different from what had been represented to the Youngs. The January 19, 1993, purchase agreement was to sell the property in its present condition. The January 14, 1993 disclosure form and the September 16, 1992 separate property information checklist generally stated that the Youngs were not aware of specified defects in the property.
The only documents which relate to the alleged actual condition of the property are the undated handwritten list of complaints and typed list of costs to repair alleged defects. These documents, however, are inadmissible hearsay because they constitute out-of-court declarations, not made under oath, offered to prove the truth of the matters asserted, and not subject to any established hearsay exception. Evid.R. 801(C) and 802. Without admissible evidence concerning the nature of the property delivered by the Sanders, it is impossible to conclude that the condition was other than as represented by them at the time of sale.
The only other information concerning the condition of the property undermines the Youngs' claims. The January 16, 1993 home inspection report, which the Youngs obtained before they purchased the property, disclosed many of the conditions about which they now complain. For example, the inspection report listed the following three areas as defective : (1) the grading of the lot, (2) roof water control, because of debris in the gutters and the need to extend the down spouts, and (3) cracked and loose mortar. The Youngs' inspector specifically noted that there was no [e]vidence of ongoing water penetration in the basement.
Under the circumstances, the Youngs have failed to show that the trial court erred by granting summary judgment against them. Accordingly, their sole issue is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J., and ANNE L. KILBANE, J., CONCUR.
 ________________________________ DIANE KARPINSKI, PRESIDING JUDGE
[1] Biskupich stated that reviewing courts would presume trial courts consider only proper evidentiary material. Id. at 222-223. In the case at bar, each party submitted inadmissible material. Under these circumstances some cases deem objections to authentication and form under Civ.R. 56(C) and (E) to be waived.