OPINION
This action is the result of a complaint by the plaintiff, Gracie McBroom, that defendant, Columbia Gas, Inc. ("Columbia") damaged a clay liner in the chimney of her home while installing a new water heater. That heater was provided by the "WarmChoice Program," a comprehensive weatherization program funded in part by Columbia, and administered by the Mid-Ohio Regional Planning Commission ("MORPC"). According to the plaintiff, the damage necessitates the complete replacement of her chimney at a cost of $15,000.
On July 14, 2000, plaintiff moved for judgment on the pleadings, or, in the alternative, for summary judgment. Shortly thereafter, Columbia also filed a motion for summary judgment. On September 8, 2000, the trial court rendered a decision in which it concluded that MORPC acted at all times as an independent contractor and not as an employee, agent, or other representative of Columbia. The court therefore denied the plaintiff's application for summary judgment and entered judgment in favor of Columbia. Plaintiff now appeals, however, challenging only the decision granting summary judgment to the defendant.
When reviewing the allowance or denial of a motion for summary judgment, this court applies the same standard applied by the trial court. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102. Under both the federal and Ohio rules, in order to obtain summary judgment, a party must establish: (1) that there is no genuine issue as to any material fact; (2) that the party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64. Specifically, Civ.R. 56(C) provides that:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
In determining whether a genuine question of material fact exists, a court is obligated to view the evidence in favor of the nonmoving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317. However, provided a party has satisfied the three-part inquiry set forth above, the nonmoving party may not simply respond to the motion with the mere allegations or denials contained in his or her pleading, but must come forth with specific facts showing the existence of a genuine issue for trial. Civ.R. 56(E); Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 111, following Celotex v. Catrett (1986), 477 U.S. 317,106 S.Ct. 2548. The nonmoving party need not try his or her case at this stage, but must produce more than a scintilla of evidence in support of the claims presented. Succinctly, viewing all facts in a light most favorable to the nonmoving party, the court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Turner v. Turner (1993), 67 Ohio St.3d 337, 340.
After conducting a careful review of the record, and after construing the evidence properly presented in connection with the defendant's motion, we find the defendant has demonstrated the lack of a triable issue of fact, and, thus, its entitlement to summary judgment. For the reasons that follow, we hereby affirm the judgment of the trial court.
In support of its motion for summary judgment, defendant submitted the affidavit of Richard Sims, Columbia's in-house administrator of the WarmChoice Program. According to Sims, WarmChoice is a weatherization program qualifying low-income customers of Columbia. Each year, approximately one thousand six hundred customers receive a home energy inspection, space and water heating system repair and/or replacement, attic and wall insulation, and safety checks of each gas appliance within their home. Each county served by Columbia has a local WarmChoice provider/administrator who verifies eligibility, performs inspections, and engages contractors to perform all necessary repairs and replacements. As noted above, the Franklin County administrator is MORPC.
According to Sims, Columbia's contract with MORPC provides that MORPC and its subcontractors perform solely as independent contractors, and that neither MORPC nor any other person or entity hired by MORPC shall be deemed to be an employee, agent, or representative of Columbia. As such, Sims explained that Columbia does not determine which subcontractors to hire, nor does it inspect or approve work prior to payment. All subcontractors deal directly with MORPC, which inspects, approves, and pays for the work performed. Finally, Sims explained that Columbia did not participate in the work performed at the plaintiff's residence.
The question of whether someone is an employee or an independent contractor is ordinarily a question of fact. However, when the evidence is not in conflict, or where the facts are admitted, the question of whether a person is an employee or an independent contractor becomes a question of law. Bostic v. Connor (1988), 37 Ohio St.3d 144, 146.
In this case, the record shows that when faced with the defendant's properly supported motion for summary judgment, plaintiff failed to come forward with any admissible evidence that the individual who installed the water heater in her home was an employee or agent of Columbia, rather than an independent contractor. While plaintiff attempted to incorporate a plethora of extraneous documents, letters, etcetera, into her pleadings, she did so by simply retyping those documents in the body of the pleadings.
Civ.R. 56(C) sets forth a specific list of materials which a court may consider as evidence for purposes of ruling upon a motion for summary judgment. Those materials expressly include, inter alia, affidavits, written admissions, and answers to interrogatories. They clearly do not, however, include the plaintiff's edited comments and recitations included in her pleadings.
It is well-settled that no evidence or stipulation may be considered except as stated in Civ.R. 56(C). In applying this rule, the courts of this state have consistently held that if the proposed evidentiary material does not fall within one of the categories of evidence set forth in Civ.R. 56(C), the only manner in which the item can be introduced for consideration is to incorporate it by reference in a properly worded affidavit pursuant to Civ.R. 56(E). Biskupich v. Westbay Manor Nursing Home (1986), 33 Ohio App.3d 220, 222.
Although the record contains several of plaintiff's affidavits, none of those affidavits comply with the requirements of Civ.R. 56. For example, while the plaintiff provided an affidavit in which she averred that she was given a copy of "CABO One and Two Family Dwelling Code 1995 Edition (Chimneys and Fireplaces) from Mr. Scott Vanzande, Supervisor, City of Columbus, Department of Trade and Development," she failed to attest that the copy was a true and accurate copy and reproduction of the original. Plaintiff also submitted two additional affidavits in which she merely recounts portions of the facts set forth by her in her complaint and motion for summary judgment. Finally, the remainder of the material attached to her pleadings consists of unauthenticated copies of various letters and documents.
Having carefully reviewed the record, the permissible evidence, and the briefs of the parties, we conclude that the trial court correctly entered summary judgment in favor of defendant and against plaintiff. Accordingly, we hereby affirm the judgment of the Franklin County Court of Common Pleas.
 _____________________ PETREE, J.
LAZARUS and DESHLER, JJ., concur.