OPINION
This action in mandamus is presently before this court for consideration of the motion for summary judgment of respondents, Marilyn Malz, Thomas Hitchcock, and Elmer Ludwick. As the primary basis for their motion, respondents assert that they are entitled to prevail on the mandamus claim because they have no legal duty to perform the exact act which relator, Lawrence W. Martin, seeks to compel. For the following reasons, we conclude that respondents' motion has merit.
Respondents are the duly elected trustees for Richmond Township in Ashtabula County, Ohio. As part of their statutory duties, respondents are required to repair and maintain all public highways within the township which are not state or county roads. One of the highways within respondents' territorial jurisdiction is Woodard Road, an unimproved highway.
Relator owns real property located in Richmond Township. On many occasions, relator asked respondents to improve the condition of Woodard Road, including cutting down weeds growing on the road. After respondents had refused to take any actions, relator initiated this action.
In his mandamus petition, relator alleged that Woodard Road is a "duly dedicated" public highway which respondents are required to maintain and repair. Relator also alleged that his property had substantial frontage on Woodard Road, and that the condition of the road was denying him reasonable access to his property. For his ultimate relief in this case, relator sought the issuance of an order requiring respondents to perform their statutory duties in regard to the maintenance of the road.
Prior to answering the mandamus petition, respondents moved this court to dismiss under Civ.R. 12(B). Upon reviewing the nature of the arguments in that motion, we converted the motion to dismiss into one for summary judgment under Civ.R. 56. Our decision to convert was based upon the fact that respondents had attached evidential materials to the motion. As part of that judgment, we then gave relator twenty days to submit a response to the converted motion.
In now moving for summary judgment, respondents essentially contest relator's factual allegation that Woodard Road is a duly dedicated public highway. In support of their position, respondents have attached to their motion the affidavit of LeRoy McNeilly, the chief deputy engineer for Ashtabula County. In this affidavit, McNeilly avers that his research of the applicable county records shows that the duly dedicated status of Woodard Road was vacated by the Ashtabula County Board of Commissioners in March 1947.
In addition, McNeilly stated that he has attached to his affidavit a true and accurate copy of the vacation records maintained by the county engineer's office concerning Woodard Road. These records consist of a copy of the resolution passed by the board of county commissioners vacating the dedicated status of the road. These records show that the road was vacated because it had not been used for a substantial period.
Under Civ.R. 56(C), a trial court can consider only certain types of evidential materials in ruling upon a motion for summary judgment. Although the records which are attached to the McNeilly affidavit are not of the type of materials listed in the rule, the courts of this state have consistently held that if a document does not fall within one of the categories of documents cited in the rule, that document can still be considered if it is incorporated into a properly framed affidavit under Civ.R. 56(E). See, e.g. Biskupich v. Westbay Manor Nursing Home (1986),33 Ohio App.3d 220, 222. Thus, both the McNeilly affidavit and the accompanying records are properly before us in the context of this summary judgment exercise.
Moreover, we would note that relator did not file a response to the motion for summary judgment. Accordingly, relator has failed to submit any evidential materials which would create a factual dispute concerning the passage of the vacation resolution by the Ashtabula County Board of Commissioners in 1947. Similarly, relator has failed to create a factual dispute as to the present status of Woodard Road.
Taken as a whole, the statements in the McNeilly affidavit and the copy of the 1947 commissioners' resolution are sufficient to establish that the dedicated status of Woodard Road was vacated over fifty years ago. As a result, this court finds that Woodard Road is not a duly dedicated public highway.
As to the legal effect of this finding, this court would indicate that, under both the present version of R.C. 5553.042 and the version of that statute which was effective in 1947, the vacation of a township road on the basis of abandonment results in the passage of ownership of the road from the township to the landowners whose property abut the road in question. Under these circumstances, a board of township trustees would no longer have the statutory obligation to maintain and repair the road in any manner. Instead, the burden of maintenance would fall upon the "new" owners of the road.
Under Ohio law, the moving party in a summary judgment exercise is entitled to prevail on the motion if he can demonstrate: (1) there is no genuine issue concerning any material fact in the case; (2) the state of the evidential materials is such that, even if the materials are viewed in a manner most favorable to the non-moving party, a reasonable person could only reach a conclusion which is adverse to the non-moving party; and (3) the moving party is entitled to judgment as a matter of law.Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346. Accordingly, in the instant action, respondents' motion must be granted if they have been able to satisfy all three prongs of the foregoing standard in regard to one element of a mandamus claim. Those elements are: (1) relator has a clear legal right to the performance of the requested act; (2) respondents have a clear legal obligation to perform that act; and (3) relator lacks an adequate legal remedy. State ex rel.Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 729.
Pursuant to the foregoing analysis, this court concludes that respondents have met the standard for summary judgment in relation to the second element of relator's claim in mandamus. Specifically, we hold that respondents have no legal duty to maintain or repair in any fashion under R.C. Chapters 5571 and 5579 because Woodard Road is not a duly dedicated public highway.
Respondents' motion for summary judgment is granted. It is the order of this Court that judgment is hereby entered in favor of respondents as to relator's entire mandamus petition.
 ____________________________ JUDGE WILLIAM M. O'NEILL
JUDGE DONALD R. FORD, JUDGE ROBERT A. NADER.