[Cite as *Davie v. First Baptist Church of Greater Cleveland*, 2016-Ohio-7713.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104004**

---

# ERICA DAVIE

PLAINTIFF-APPELLANT

vs.

# FIRST BAPTIST CHURCH OF GREATER CLEVELAND, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-833834

**BEFORE:** S. Gallagher, J., E.A. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** November 10, 2016

**FOR APPELLANT**

Erica Davie, pro se
3367 Milverton Road
Shaker Heights, Ohio   44120


**ATTORNEY FOR APPELLEES**

Dennis R. Fogarty
Davis & Young
1300 East 9th Street, Suite 1950
Cleveland, Ohio   44114

SEAN C. GALLAGHER, J.:

{¶1} Erica Davie appeals the denial of a motion for relief from judgment and the granting of summary judgment in favor of First Baptist Church of Greater Cleveland, Jane Pernicone, and Jeff Gordon (collectively "the Church"). Finding no merit to any of the arguments raised, we affirm.

{¶2} Davie enrolled her children in the Church's day-care program. Davie was not a member of the congregation, which enjoyed a 10 percent discount on tuition. Davie, however, did not pay full tuition. She received assistance from Cuyahoga County, and as part of that, Davie only paid a nominal fee to the Church. The county paid the rest. The county required Davie to periodically update her financial status in order to retain benefits. Further, the Church has a strict policy on failure to pay — any account two weeks past due will result in a restriction placed on the account, precluding attendance the following week, all of which can occur without notice.

{¶3} Davie failed to keep her assistance status up to date. The county sent notice that her benefits were being discontinued. Davie nonetheless continued her children's enrollment in the day care. Ultimately, Davie's account with the Church became approximately $1,800 overdue, and the Church precluded the children from attending the program effective the following week. The debt was never satisfied, and the Church

wrote it off as uncollectible. In addition, Davie never attempted to rectify the issue with the county or seek to have the children re-enrolled in the program.

**{¶4}** Instead, Davie sued the Church, claiming the exclusion of her children was racially or religiously motivated. The Church filed a motion for summary judgment, setting out the above undisputed facts based on (1) excerpts from Davie's and her husband's depositions; (2) an affidavit executed by Pernicone authenticating (a) a copy of the parent handbook, which provides the Church's termination for nonpayment policy, (b) an invoice demonstrating the amount owed by Davie for services rendered for each of Davie's children, and (c) the letter notifying Davie that her account was two weeks past due and her children were not able to continue their attendance; and (3) an affidavit from Gordon generally denying Davie's allegations. Davie objected to the evidence attached to the motion, complaining that the deposition excerpts and documents attached to the affidavit were not permitted under Civ.R. 56(C). The Church, in response to Davie's motion to strike, filed the complete deposition transcripts for the trial court's consideration under Civ.R. 32(A).

**{¶5}** Davie belatedly filed a brief in opposition to summary judgment, accompanied with a request for leave, attaching many of the same documents that the Church attached to its motion for summary judgment. The trial court denied the request as moot upon granting summary judgment in favor of the Church. Davie immediately filed a motion for relief from judgment, in which she also included a proposed brief in opposition to the motion for summary judgment. Davie's attorney notified the trial court

that the original response deadline was missed because of a family emergency, and the attorney was granted leave to withdraw. In the abundance of caution, in resolving the motion for relief from judgment, the trial court considered Davie's brief in opposition and held that Davie failed to demonstrate any basis to support her claims against the Church as required under Civ.R 60(B). The motion for relief from judgment was then denied.

{¶6} In this appeal, Davie claims that the trial court improperly considered evidence outside the scope of Civ.R. 56(C) and, in the alternative, erred in denying her request for relief from final judgment. We find no merit to either claim.

{¶7} In considering a motion for summary judgment, a trial court may consider "the relevant portions" of the pleadings, depositions, answers to discovery, affidavits, transcripts, and stipulations of fact. Civ.R. 56(C). Further, any document authenticated in a properly framed affidavit may also be considered. *Rhodes v. Sinclair*, 7th Dist. Mahoning No. 08-MA-23, 2012-Ohio-5848, ¶ 50, citing *Biskupich v. Westbay Manor Nursing Home*, 33 Ohio App.3d 220, 222, 515 N.E.2d 632 (8th Dist.1986). The relevant documents and deposition excerpts attached to the Church's motion for summary judgment complied with Civ.R. 56(C). The only documents arguably outside the scope of the rule were those authenticated by affidavit, a permissible practice. *Rhodes*. In addition, all the documents attached to Pernicone's affidavit were also introduced as evidence in, and attached to, Davie's depositions. The evidentiary material was properly considered by the trial court for summary judgment purposes.

{¶8} In response, Davie claims that the depositions were not properly authenticated, that neither she nor her husband had seen the depositions or waived their right to reading the transcript, that the depositions filed with the court had not been served under Civ.R. 5, and that portions of the depositions were omitted. Her claims are without merit because according to the record, (1) the filed transcripts were complete; (2) the transcripts included the court reporter's notarization and Davie's and her husband's express waivers of the right to the reading under Civ.R. 30(E); and (3) the notices of filing the deposition transcripts included the required certificate of service under Civ.R. 5(B)(3).

{¶9} Finally, in challenging the denial of her motion for relief from judgment, Davie focuses solely on an explanation for the belated response to the motion for summary judgment. In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), however, the movant must also demonstrate a meritorious defense or claim if relief is granted. *GTE Automatic Elec., Inc. v. ARC Industries*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). Simply demonstrating excusable neglect is not sufficient. Even if we determined that her belated response was a product of excusable neglect, Davie has not provided us any basis to conclude that the trial court erred in determining that she failed to present a meritorious claim for relief on the allegations in her complaint. App.R. 16(A)(7); *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). We, therefore, cannot conclude that the trial court abused its

discretion in denying Davie's motion based on the arguments advanced in the current appeal.

{¶10} Having overruled both assigned errors as presented, we affirm.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR