OPINION
{¶ 1} Plaintiff-appellant, Viktor P. Polivka, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Edward J. Cox, Jr. Because the trial court properly granted summary judgment for defendant, we affirm.
 {¶ 2} Plaintiff's appeal is the second time this case has been before this court. As noted in our first opinion, Polivka v. Cox, Franklin App. No. 01AP-1023, 2002-Ohio-2420, this case originated when plaintiff filed a legal malpractice complaint against defendant, alleging defendant negligently represented him before the Industrial Commission of Ohio ("commission") in his claim for workers' compensation benefits. More specifically, plaintiff alleged defendant failed to timely appeal an order of a district hearing officer ("DHO") that denied plaintiff's application for temporary total disability compensation.
 {¶ 3} Defendant moved for summary judgment on plaintiff's complaint, contending plaintiff failed to support his allegations of legal malpractice with expert testimony that established defendant's conduct fell below the appropriate standard of care required of an attorney. Defendant attached to the motion his own affidavit in which he attested that he represented plaintiff in his claim for workers' compensation benefits; that he timely appealed the DHO's order; that he provided plaintiff a copy of the timely filed notice of appeal; and that he never fell below the standard of care for an attorney engaged in the representation of a plaintiff in a workers' compensation matter.
 {¶ 4} Plaintiff responded to defendant's motion with an affidavit and accompanying documents, as well as a cross-motion for summary judgment. In each, he asserted summary judgment should be granted to plaintiff because defendant's attestation that defendant filed a timely notice of appeal to the DHO's order was untrue.
 {¶ 5} By decision and entry filed August 21, 2001, the trial court granted defendant's summary judgment motion and denied plaintiff's cross-motion for summary judgment. In particular, the trial court concluded plaintiff had failed to present expert testimony to contradict defendant's affidavit.
 {¶ 6} On appeal, this court reversed the judgment of the trial court, concluding that plaintiff's documents created a disputed issue concerning defendant's timely filing the notice of appeal. More particularly, although defendant asserted in his affidavit that he timely filed the notice of appeal, he attached no time-stamped copy of the filed notice. Plaintiff disputed defendant's affidavit with his own affidavit, attached to which were the staff hearing officer's order, as well as a fax from the Bureau of Workers' Compensation that stated there was no proof that claimant or his counsel had filed a timely notice of appeal. Moreover, because the disputed factual issue, resolved in defendant's favor, underlay defendant's expert opinion about his compliance with the standard of care, this court concluded defendant's expert opinion failed to shift the burden to plaintiff to produce expert testimony.
 {¶ 7} After the case was returned to the trial court, defendant, on October 11, 2002, filed a second motion for summary judgment, contending that he had filed a timely notice of appeal in plaintiff's workers' compensation action and, therefore, plaintiff could not support his allegations of legal malpractice with expert testimony establishing that defendant's conduct fell below the appropriate standard of care required of an attorney.
 {¶ 8} Defendant attached to the motion his own affidavit, in which he attested that he represented plaintiff in his claim for workers' compensation benefits and timely appealed the DHO's order. Defendant further averred that he never fell below the standard of care for an attorney engaged in the representation of a plaintiff in a workers' compensation matter. Defendant attached to his affidavit a time-stamped copy of the notice of appeal that reflects it was filed within the allotted appeal time. Defendant also supported his motion with the affidavit of Robert Malkin, Agent for the Administrator of the Custodian of Records for the Bureau of Workers' Compensation, in which he attested that defendant filed a timely notice of appeal in plaintiff's workers' compensation action. Attached to Malkin's affidavit is a copy of the notice of appeal filed on behalf of plaintiff.
 {¶ 9} In response, plaintiff filed a "motion to strike" defendant's motion for summary judgment, contending that the attestations in the affidavits defendant and Malkin supplied were unreliable and untruthful and that an unidentified person "plant[ed]" the "alleged" copy of the notice of appeal, attached to Malkin's affidavit, in the commission file. In support of his motion, plaintiff attached numerous documents. Defendant objected to the documentation, correctly asserting it was not proper evidentiary material under Civ.R. 56(C).
 {¶ 10} By decision and entry filed December 4, 2002, the trial court granted defendant's motion for summary judgment. In particular, the trial court found that defendant had satisfied the initial burden imposed upon him under Civ.R. 56(C) by presenting evidence, through his own affidavit and that of Malkin, that he timely filed a notice of appeal in plaintiff's workers' compensation action. The court further found that plaintiff had failed to meet the reciprocal burden imposed upon him by Civ.R. 56(C) because he failed to contradict, by expert testimony, defendant's attestation that he conformed to the appropriate standard of care required of an attorney.
 {¶ 11} Plaintiff appeals, assigning the following errors:
1. The trial court erred when it granted judgment entry to defendant-appellee based on an affidavit submitted falsely and against the law. Since the last appeal, the defendants added two more (2) false affidtavits [sic]. Once more the court failed to act on the perjured documents.
2. Civil Rule 56(C) places mandatory duty on a trail [sic] court to thoroughly examine all appropriate materials filed by parties before ruling on a motion for summary judgment. The failure of a trail [sic] court to comply with this requirement constitutes reversible error.
3. Civil Rule 56(C) provideds [sic] that summary judgment shall be rendered only if there "is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law". If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined. However, if term cannot be determined from the four corners of a contract, factual determination of intent or reasonableness may be necessary to supply the missing term, and the second summary judgment was based on the same false evidence, and included two (2) false and perjured affidavites [sic]. Summary judgment is not appropriate.
4. (1974) On summary judgment the inferences to be drawn from the underlying facts contained is [sic] such materials, as depositions, affidavits and exhibits must be viewed in light most favorable to the party opposing the motion, and if so viewed, reasonable minds can come to differing conclusions, the motion should be overruled.
5. The court failed to comply with the judgment entry of the Court of Appeals of Ohio, Tenth Appellate District, judment [sic] dated 05/21/200 [sic], case number 01AP-1023.
6. The court demonstrated complete disregard for the paintiff's [sic] motions to compell [sic] discovery as filed in the court, and provided under the Rules of Civil Procedures, Rule(s) number(s) 33 and 26.
7. The court demonstrated complete disregard of the plaintiff's motions for a "mandarory [sic] judicial notice", as defined in the Ohio Rules of Evidence, Art. II, Rule 201, judicial notice of adjudicative, par.(s) (A),(B), (D) concerning the fling [sic] of "forgerd" [sic], "false" or "perjured" evidence, filed in court by the plaintiff on 09/10/2002.
8. The court demonstrated, bias, favortism [sic] and complete disregard for the rules of judicial conduct, by faling [sic] to remove itself from what appeared as favortizm [sic] towards the defence [sic] by acceting [sic] a defence [sic] motion, defending the court, and failing to rule on evene [sic] one single motion, the plaintiff presenrted [sic] to the court, to include, but not limited, for a request foe exteision of timew [sic], due to an [sic] Bureau of Wokers' [sic] compemsation [sic] internal affairs deparment [sic], regarding the validity of an alleged timely filed notice of appeal and a [sic] affidavit submitted to the court by Mr. Robert Malkin, BWC Custodian of Records.
9. The court granted the defense a summaty [sic] judgment based on Local Rule 21.01, which is inapropriate [sic], since all the factors of false evidence submitted by the defence [sic] where [sic] never addressed as per the mandatory judicial notice.
10. The court failed to rule and order complience [sic] to the discovery procedure, as per the Ohio Rules Civil [sic] of Procedure.
 {¶ 12} As plaintiff's first, second, third, fourth, fifth, and ninth assignments of error are interrelated, we will address them jointly. In them, plaintiff asserts the trial court erred in improperly relying upon "false" affidavits defendant supplied and in failing to give due consideration to the materials plaintiff submitted.
 {¶ 13} In reviewing a summary judgment disposition, an appellate court applies the same standard the trial court applied. Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107, jurisdictional motion overruled, 66 Ohio St.3d 1488. An appellate court reviews a summary judgment disposition independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. In determining whether a trial court properly granted a summary judgment motion, an appellate court must review the standard for granting summary judgment set forth in Civ.R. 56, as well as the applicable law.
 {¶ 14} Summary judgment is appropriate only where the evidence demonstrates that (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 15} "* * * [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be rendered against the nonmoving party." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
 {¶ 16} "To establish a cause of action for legal malpractice based upon negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." Vahila v. Hall (1997), 77 Ohio St.3d 421, syllabus, following Krahn v. Kinney (1989), 43 Ohio St.3d 103. A plaintiff's failure to create a genuine issue of material fact as to any of these elements entitles a defendant to summary judgment on a legal malpractice claim. Green v. Williams (Sept. 28, 1999), Franklin App. No. 99AP-474.
 {¶ 17} Here, defendant supported his second motion for summary judgment with his own affidavit which states that his representation of plaintiff never fell below the standard of care for an attorney engaged in the representation of a client in a workers' compensation matter. Roselle v. Nims, Franklin App. No. 02AP-423, 2003-Ohio-630, at ¶ 31 (noting a defendant in a legal malpractice action possesses the required skill and knowledge to testify to whether he or she met the applicable standard of care, thus eliminating the need for an independent expert in defense of a claim of legal malpractice). In addition, both defendant's affidavit and that of Malkin aver that defendant timely filed an appeal from the DHO's order, and both properly incorporated copies of the timely filed notice of appeal. The burden then shifted to plaintiff to produce Civ.R. 56(C) evidence creating a genuine issue of material fact about defendant's timely filing a notice of appeal in plaintiff's workers' compensation claim.
 {¶ 18} "It is well settled that in the context of a motion for summary judgment, both the moving and nonmoving party, if necessary, must direct the court's attention to evidentiary materials of the type listed in Civ.R. 56. Civ.R. 56(C) sets forth a limited list of material that may be considered when ruling upon a motion for summary judgment. * * * Specifically, as provided by Civ.R. 56(C), summary judgment is appropriate only when it may be determined from `the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any * * * that there is no genuine issue as to any material fact.' " Buzzard v. Public Emp. Retirement Sys. of Ohio (2000), 139 Ohio App.3d 632, 636. "Although it may at first appear that Civ.R. 56(C) sets forth an exclusive list of material that may be considered, in the event that a document is not one of the listed types, it may be introduced as proper evidentiary material if incorporated by reference in a properly framed affidavit." Id., citing Martin v. Central Ohio Transit Auth. (1990), 70 Ohio App.3d 83, 89; Biskupich v. Westbay Manor Nursing Home (1986), 33 Ohio App.3d 220.
 {¶ 19} Plaintiff did not respond with proper evidence under Civ.R. 56(C) to create an issue about the accuracy or validity of the time-stamped copy of the notice of appeal. Even if the staff hearing officer's order and the fax presented in response to defendant's first motion for summary judgment be considered, they merely observed there was no proof the motion had been timely filed. Because defendant's second summary judgment motion produced that proof in the form of a time-stamped copy of the notice, plaintiff needed to respond with something more than observations. Although plaintiff submitted numerous documents in an attempt to discredit the affidavits defendant and Malkin filed and to create a genuine issue of material fact about the notice, no weight may be given to any of these documents, as they are not of the type of documentary evidence specifically enumerated in Civ.R. 56(C) and have not been properly incorporated into the record by way of affidavit. Moreover, defendant preserved plaintiff's obligation to comply with Civ.R. 56(C) by objecting to plaintiff's documentation. The trial court thus did not abuse its discretion by not considering plaintiff's documents. See Biskupich at 222.
 {¶ 20} Because defendant presented proper evidentiary material demonstrating that he timely filed the notice of appeal and thus did not deviate from the standard of care required of attorneys handling workers' compensation matters, and because plaintiff did not present any cognizable Civ.R. 56(C) evidence or an expert affidavit to rebut the evidence defendant submitted, no genuine issue of any material fact exists, reasonable minds could only conclude that plaintiff could not prove that defendant committed legal malpractice, and defendant thus is entitled to judgment as a matter of law. Accordingly, plaintiff's first, second, third, fourth, fifth, and ninth assignments of error are overruled.
 {¶ 21} By his sixth and tenth assignments of error, plaintiff asserts that the trial court erred in failing to consider his motions to compel defendant to respond to two sets of interrogatories before granting summary judgment.
 {¶ 22} Initially, we note that under App.R. 12(A)(2), this court, in its discretion, could disregard these assignments of error; plaintiff has failed to separately argue them as App.R. 16(A)(7) requires. Farley v. Farley, Franklin App. No. 02AP-1046, 2003-Ohio-3185, at ¶ 34. However, to the extent we are able to understand plaintiff's arguments, we will address these assignments of error.
 {¶ 23} Plaintiff filed two motions to compel defendant to answer two separate sets of interrogatories. The trial court did not rule on either motion. When a trial court enters summary judgment without expressly determining a pending motion, the motion impliedly is denied. Fernandez v. Anheuser-Busch, Franklin App. No. 01AP-1279, 2002-Ohio-3355, at ¶ 19, appeal not allowed, 98 Ohio St.3d 1411. Where the pending motion is a motion to compel, the party opposing summary judgment must seek a delay of the court's ruling pursuant to Civ.R. 56(F) or otherwise include in their response to the motion for summary judgment some allegation of prejudice as a result of the court's failure to rule. Id. at ¶ 20. If the party fails to take the prescribed steps, the issue is lost for appeal. Id.
 {¶ 24} Here, plaintiff did not file a Civ.R. 56(F) motion in the trial court; nor did he argue in response to defendant's summary judgment motion that the trial court's failure to rule on his motions to compel had prejudiced his ability to present his case. Plaintiff thus waived any objection to the absence of a ruling on the motions by failing to raise the issue before the trial court. Id. Accordingly, the sixth and tenth assignments of error are overruled.
 {¶ 25} Plaintiff's seventh assignment of error contends the trial court should have granted his motion to take judicial notice of the fact that defendant did not file a timely notice of appeal in plaintiff's workers' compensation action. Again, this court, in its discretion, could disregard this assignment of error, as plaintiff has failed to separately argue it. Farley, supra. We however, will address plaintiff's claim as we understand it.
 {¶ 26} Under Evid.R. 201(B), a court may take judicial notice of a fact which is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." "Matters of which a court will take judicial notice are necessarily uniform or fixed and do not depend upon uncertain testimony, for as soon as a matter becomes disputable it ceases to fall under the head of common knowledge and so will not be judicially recognized." Union Oil Co. of California v. City of Mayfield Heights, Board of Zoning Appeals (Jan. 15, 1987), Cuyahoga App. No. 52017, quoting McCoy v. Gilbert (1960), 110 Ohio App. 453, 463.
 {¶ 27} A review of the record reveals that the trial court never ruled on plaintiff's motion; thus, we presume it was denied. Fernandez, supra. The fact plaintiff seeks judicial notice of whether defendant timely filed a notice of appeal can and has reasonably been disputed. Indeed, both defendant and Malkin filed affidavits contrary to plaintiff's contention. Therefore, it is not a fact about which the court could have taken judicial notice; the court properly denied plaintiff's motion. Accordingly, plaintiff's seventh assignment of error is overruled.
 {¶ 28} Plaintiff's eighth assignment of error contends the trial judge should have removed himself from further proceedings in plaintiff's case. Shortly after the case was returned to the trial court, plaintiff filed a motion requesting that the trial judge remove himself from further proceedings in the case; plaintiff claimed the trial judge had a personal bias against pro se litigants.
 {¶ 29} If plaintiff believed the trial judge was biased or prejudiced against him, his remedy was to file an affidavit of prejudice with the clerk of the Ohio Supreme Court. R.C. 2701.03 "provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced." Jones v. Billingham (1995), 105 Ohio App.3d 8,11. Only the Chief Justice of the Ohio Supreme Court or his designee has the authority to determine a claim that a common pleas court judge is biased or prejudiced. Beer v. Griffith (1978), 54 Ohio St.2d 440,441-442. Thus, an appellate court is without authority to pass upon issues of disqualification or to void a judgment on the basis that a judge should be disqualified for bias or prejudice. Id.; State v. Ramos (1993), 88 Ohio App.3d 394, 398. Moreover, even if we were authorized to pass upon plaintiff's claim, we find nothing in the record to support it. Accordingly, plaintiff's eighth assignment of error is overruled.
 {¶ 30} Having overruled all ten of plaintiff's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
LAZARUS and WATSON, JJ., concur.