BLANTON, Appellant,

v.

CUYAHOGA COUNTY BOARD OF ELECTIONS, Appellee.

[Cite as *Blanton v. Cuyahoga Cty. Bd. of Elections,*
150 Ohio App.3d 61, 2002-Ohio-6044.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 80710.

Decided Nov. 7, 2002.

62

Sindell, Young, Guidubaldi & Sucher and Cathleen M. Bolek, for appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, Steve W. Ritz and Reno J. Oradini Jr., Assistant Prosecuting Attorneys, for appellee.

TIMOTHY E. MCMONAGLE, Administrative Judge.

{¶ 1} Plaintiff-appellant, Sheila Rhone Blanton, appeals from the judgment of the Cuyahoga County Common Pleas Court granting summary judgment to defendant-appellee, Cuyahoga County Board of Elections, on appellant's complaint for wrongful discharge. Appellant also appeals from the trial court's decision granting the motion to quash the subpoenas of several board members.

{¶ 2} The record reveals that appellant began employment with the Cuyahoga County Board of Elections ("board") as a human resources administrator on December 28, 1998. William Wilkens ("Wilkens"), who was the director of the board, and Gwen Dillingham ("Dillingham"), the deputy director, were her immediate supervisors. Because of appellant's confrontational style of management, her initial six-month probationary period was extended for three months or until September 28, 1999. In a memo to board members dated September 22, 1999, Wilkens stated:

{¶ 3} "[Appellant's] professional contribution has continued during this period and she has not displayed any of the interpersonal behaviors that led to my request to extend her probation. At our most recent meeting I advised [appellant] of my intent to inform you that she had successfully completed the extended probation period and this memo serves that purpose."

{¶ 4} Notwithstanding this recommendation, appellant's probation period continued, and at its meeting on November 2, 1999, the board voted unanimously to dismiss appellant, stating that her services were "no longer required because she has not satisfactorily completed the initial employment probationary period."

{¶ 5} Appellant filed suit against the board, claiming that she was wrongfully terminated in violation of R.C. 4113.52 (whistleblower statute) and racially discriminated against in violation of R.C. Chapter 4112 and Title VII of the Civil Rights Act.[1] In the case-management conference that followed, the trial court

---

1. Appellant initially filed suit in May 2000 but voluntarily dismissed that action and refiled the present action in June 2001.

ordered all dispositive motions to be filed no later than November 1, 2001, and ordered appellant's compliance in scheduling her deposition or it would be held at the court on October 1, 2001. No trial date had been set. Appellant's deposition was ultimately completed by September 21, 2001.

{¶ 6} On October 17, 2001, appellant filed subpoenas seeking to depose board members Robert Bennett, Thomas Coyne, John Hairston, and Roger Synenberg on October 27, 2001. On October 25, 2001, the board moved to quash the subpoenas, arguing that the October 1, 2001 discovery cutoff date had passed or, alternatively, that attempting to depose these individuals so shortly before the dispositive motion cutoff date was untimely and posed an undue burden on these government officials who have other commitments and/or are otherwise involved in the upcoming general election scheduled for November 6, 2001. The trial court granted the motion.

{¶ 7} The board thereafter filed its motion for summary judgment, seeking judgment in its favor as a matter of law on the basis that (1) appellant's cause of action under R.C. Chapter 4113 is time-barred, and (2) there is no evidence of racial discrimination. In support of its motion, the board attached copies of correspondence either to or from appellant documenting her confrontational style and/or instances of insubordination as well as excerpts from appellant's deposition and that of former employee, John Peeples ("Peeples").

{¶ 8} In her brief opposing the board's motion, appellant argued that she presented a prima facie case of discrimination and that the board failed to demonstrate that there was a legitimate nondiscriminatory reason for her termination.[2] Attached to her brief were excerpts of several depositions, including that of Dillingham, Peeples, and Wilkens, among others. Appellant also moved to strike the board's documentary evidence, claiming that it was not the type of evidence authorized under Civ.R. 56(C). The board opposed the motion, maintaining that its motion included an affidavit by Dillingham, who averred that the appended documents were "true and exact copies" from the board's files. The board also filed the depositions of appellant and Peeples.

{¶ 9} The trial court ultimately granted the board's motion without opinion. Appellant is now before this court and assigns three errors for our review.

I

{¶ 10} Appellant's first and second assignments of error challenge the trial court's judgment granting the board's motion for summary judgment and the documentary evidence used to support that motion.

---

2. Appellant did not oppose the board's motion regarding her claim for violations of the whistleblower statute. Nor does she argue on appeal that the court erred in granting the board's motion on this basis.

{¶ 11}   An appellate court reviews a trial court's decision on a motion for summary judgment de novo.   *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.   Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact;   (2) the moving party is entitled to judgment as a matter of law;   and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party.   *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, citing *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus; see, also, Civ.R. 56(C).

## A

{¶ 12}   We will discuss appellant's second assignment of error out of turn.   In this assigned error, appellant challenges the documentary evidence used to support the board's summary judgment motion as not being in compliance with Civ.R. 56(C).   This rule provides: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.   No evidence * * * may be considered except as stated in this rule."

{¶ 13}   Here, the board's documentary evidence consisted of several memos between appellant and her immediate supervisors and/or other board employees as well as excerpts from the depositions of appellant and Peeples.[3] Appellant accurately states that where supporting documentary evidence falls outside this rule, the correct method for introducing such evidence is to incorporate it by reference into a properly framed affidavit.   See *Martin v. Cent. Ohio Transit Auth.* (1990), 70 Ohio App.3d 83, 89, 590 N.E.2d 411; *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 222, 515 N.E.2d 632. Documents not properly incorporated are not to be considered by the trial court in deciding a motion for summary judgment.   *Buzzard v. Pub. Emp. Retirement Sys. of Ohio* (2000), 139 Ohio App.3d 632, 745 N.E.2d 442.

{¶ 14}   A review of the record, however, supports that such an affidavit was part of the board's documentary evidence.   Dillingham, as the affiant,[4] averred

---

3.   The board ultimately filed the depositions of appellant and Peeples on December 17, 2001, one day prior to the trial court's decision granting the board's motion for summary judgment. See Civ.R. 32(A).

4.   It appears that at the time of the execution of this affidavit, Dillingham was no longer deputy director but election coordinator.

that the exhibits attached to the board's motion for summary judgment were "true and exact copies provided from the files of the Board." Although otherwise inartfully stated and lacking in the precision traditionally associated with the drafting of an affidavit, the board has demonstrated at least minimal compliance with the requirements attendant to a properly framed affidavit. Thus, the trial court properly considered the documentary evidence in support of the board's motion for summary judgment.

{¶ 15} Appellant's second assignment of error, therefore, is not well taken and is overruled. What remains to be determined, however, is whether this evidence is sufficient to justify judgment in the board's favor as a matter of law.

B

{¶ 16} In appellant's first assignment of error, appellant contends that she presented sufficient evidence to defeat the board's motion for summary judgment. In particular, appellant argues that (1) she presented a prima facie case of discrimination and that the board failed to present admissible evidence that she was discharged for reasons unrelated to her race; and (2) she presented sufficient evidence to support her claim that she was discharged because she brought to the board's attention its violations of federal and state law.

{¶ 17} In order to prevail on a race discrimination claim brought under to Title VII or R.C. Chapter 4112, a plaintiff must make a prima facie showing that he or she (1) belongs to a racial minority; (2) was discharged; (3) was qualified for the position; and (4) was replaced by, or the discharge permitted the retention of, a person who was not a member of the protected class. See *Plumbers & Steamfitters Joint Apprenticeship Commt. v. Ohio Civ. Rights Comm.* (1981), 66 Ohio St.2d 192, 197, 20 O.O.3d 200, 421 N.E.2d 128; see, also, *Texas Dept. of Community Affairs v. Burdine* (1981), 450 U.S. 248, 252–253, 101 S.Ct. 1089, 67 L.Ed.2d 207, citing *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668. If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to show a legitimate, nondiscriminatory reason for the employee's discharge. Id. If the defendant makes this showing, the burden shifts once again to the plaintiff, who then is given the opportunity to demonstrate that the defendant's articulated reasons for the discharge are merely a pretext for impermissible race discrimination. Id.

{¶ 18} It is undisputed that appellant belonged to a protected class and that she was terminated from her position. It also appears to be undisputed that appellant was qualified for the position she held. The board argues, however, that appellant has failed to show that non-protected similarly situated persons were treated more favorably. Such a showing, however, is an alternative to the

fourth element of the *McDonnell Douglas/Burdine* test for establishing a prima facie case of racial discrimination where it cannot be shown that a protected employee was replaced with an employee outside the protected class. *Mitchell v. Toledo Hosp.* (C.A.6, 1992), 964 F.2d 577, 582–583; *Smith v. Goodwill Industries of the Miami Valley, Inc.* (1998), 130 Ohio App.3d 437, 443, 720 N.E.2d 203; see, also, *Clayton v. Meijer, Inc.* (C.A.6, 2002), 281 F.3d 605, 610.

{¶ 19} "Although the District Judge found no prima facie case had been established by Plaintiff because of the lack of the fourth 'replaced-by-a-"non-protected"-person' element of the *McDonnell Douglas/Burdine* criteria, a plaintiff can also make out a prima facie case by showing, in addition to the first three elements, that a 'comparable non-protected person was treated better.'" *Mitchell,* 964 F.2d at 582.

{¶ 20} That is not the case here. Appellant's replacement *was* an individual outside the protected class and, as such, appellant was not required to resort to an alternative test in order to present a prima facie case of race discrimination. Having satisfied the elements necessary to establish a prima facie case, the burden then shifted to the board to put forth evidence that there existed a legitimate reason for appellant's dismissal.

{¶ 21} As stated in subsection A, the board's evidence consisted of several memos demonstrating areas of conflict between appellant and Dillingham and Wilkens as well as several other board employees. At the very least, the board maintains that its evidence supports that it was appellant's confrontational style and lack of interpersonal skills that serve as a legitimate reason for her dismissal.

{¶ 22} We acknowledge that the board's evidence indicates that appellant had difficulty with authority and was confrontational in resolving conflicts within her department. We further acknowledge that such evidence *may* provide a basis for recommending that her employment be discontinued and consequently serve as a legitimate basis for her dismissal. Nonetheless, the board has not presented any evidence that ties appellant's confrontational style with its decision to terminate appellant. The board presented no evidence from any of appellant's supervisors who would have been responsible for recommending her dismissal to the board. It is true that Wilkens's deposition was taken. Only excerpts, however, were appended as evidence and that was to appellant's brief in opposition. To be sure, Wilkens's testimony supported that he recommended to the board that it dismiss appellant. While he may have stated his reasons for making such a recommendation at some point during his deposition, the excerpts appended to appellant's brief do not elucidate any such reasons.

{¶ 23} We are, therefore, unwilling to infer lack of discriminatory intent merely because there *may* have existed a legitimate reason for dismissing appellant. Consequently, the board has failed to satisfy its burden demonstrat-

ing that there existed a legitimate nondiscriminatory reason for appellant's termination. Consequently, summary judgment in its favor was inappropriate.

{¶ 24} Appellant's first assignment of error is well taken and is sustained.

## II

{¶ 25} In her third assignment of error, appellant contends that the trial court erred in quashing the subpoenas issued to board members Bennett, Coyne, Hairston, and Synenberg.

{¶ 26} This court reviews a trial court's ruling on a motion to quash a subpoena for an abuse of discretion. *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 469, 692 N.E.2d 198. A court abuses its discretion when the result is so "palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1.

{¶ 27} Civ.R. 45(C) governs the protection of persons subject to subpoenas and provides that a court shall quash a subpoena if, inter alia, it fails to allow a reasonable time to comply. Civ.R. 45(C)(3)(a). Here, we see no abuse of discretion on the part of the trial court. Contrary to the board's assertions, the record does not support that the trial court had set a discovery cutoff date or, for that matter, a date for trial. Nonetheless, the subpoenaed board members received their respective subpoenas four days prior to the scheduled deposition. Moreover, the depositions were scheduled to take place just four days prior to the cutoff date for dispositive motions and one week prior to a general election, which is typically a very busy time for the board.

{¶ 28} Appellant's third assignment of error is not well taken and is overruled. We note, however, that, due to our disposition of appellant's first assignment of error, on remand there should be no impediment to scheduling these board members' depositions at a time mutually convenient for all involved.

Judgment affirmed in part,
reversed in part
and cause remanded.

ANNE L. KILBANE and DIANE KARPINSKI, JJ., concur.