{¶ 16} I respectfully dissent because I do not believe that NCB sufficiently proved the chain of title of the debt allegedly assigned for it.
 {¶ 17} The evidence before this court consists of (1) unauthenticated account statements for a credit card issued to Cody by Providian; (2) an unsigned, unauthenticated portion of a cardholder agreement; (3) an unauthenticated copy of a bill of sale of unspecified accounts from Providian to Unifund; (4) an affidavit from an agent of Unifund stating that it transferred Cody's account to NCB; and (5) an affidavit from an agent of NCB stating that NCB currently owns the account.
 {¶ 18} The two affidavits, while they would be sufficient to document the chain of title from Unifund to NCB, do not provide proof of the assignment of the account from Providian to Unifund. Despite NCB's claim that it owns the account, therefore, NCB has failed to provide documentation to prove that Providian transferred this specific account to Unifund. A general bill of sale, without specifically indicating the item transferred, is insufficient to prove that title of the account transferred to the alleged assignee.
 {¶ 19} Not only did NCB fail to establish the chain of title in its summary judgment motion, in its complaint it inaccurately describes the assignment as if it involved only Providian and NCB. "The general rule is that an assignee of a claim must allege and prove the assignment." Zwick Zwick v. Suburban Construction Co. (1956), 103 Ohio App. 83. Here, NCB makes no mention whatsoever of Unifund in its complaint. Rather, it merely states: "Providian National Bank assigned all its rights to Plaintiff in the matter herein including but not limited to those rights associated with this action." Complaint, ¶ 3. Unifund is never mentioned in the complaint.
 {¶ 20} Thus proof of the chain of title is incomplete and the complaint is inaccurate concerning this chain. Proof that Providian assigned some unnamed accounts to Unifund is too general to establish chain of title from Providian. Although the bill of sale from Providian to Unifund references an Appendix A, which specifies the accounts sold, the record does not contain that document. The failure to prove Cody's account specifically was one of the accounts assigned to Unifund leaves a hole in the chain of title.
 {¶ 21} The affidavit supporting the assertion that Unifund in turn transferred the account to NCB also does not satisfy the necessary proof for the first transfer: that is, that the account was transferred from Providian to Unifund. By analogy, if A transfers his car to B, but fails to document this transfer, the transfer of that car by B to C does not legally vest title of the car in C, even with affidavits from B and C that the second transfer took place and that C is now in possession of the car. NCB either needed to put into the record a copy of the list of accounts which Providian transferred to Unifund, or it needed to provide an affidavit from an agent of Providian stating that Cody's account had been assigned to Unifund.
 {¶ 22} I note a second problem: not all the attached documents were properly authenticated for the court to consider them in a summary judgment motion.
Civ. R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment. Those materials are affidavits, depositions, transcripts of hearings in the proceedings, written admissions, answers to interrogatories, written stipulations, and the pleadings, if timely filed. Civ. R. 56(C). Other types of documents may be introduced as evidentiary material only through incorporation by reference in a properly framed affidavit. Martin v. Cent. Ohio TransitAuth. (1990), 70 Ohio App.3d 83, 89, 590 N.E.2d 411. Documents thathave not been sworn, certified, or authenticated by way of affidavit"have no evidentiary value." Mitchell v. Ross (1984), 14 Ohio App.3d 75,14 Ohio B. 87, 470 N.E.2d 245. (Emphasis added.) Moreland v. Ksiazek,
Cuyahoga App. No. 83509, 2004-Ohio-2974, ¶ 25.
 {¶ 23} Even though the bill of sale was signed by a vice president of Providian, his signature was not notarized.
[W]here supporting documentary evidence falls outside this rule, the correct method for introducing such evidence is to incorporate it by reference into a properly framed affidavit. * * * Documents not properly incorporated are not to be considered by the trial court in deciding a motion for summary judgment.
 {¶ 24} Blanton v. Cuyahoga County Bd. of Elections (2002),150 Ohio App.3d 61, ¶ 13, internal citations omitted.
 {¶ 25} No affidavit was presented to authenticate the bill of sale or the credit card statements. If we follow the Eighth District decisions inBlanton or Moreland, which was decided more recently, we should rule that the trial court could not consider either the credit card statements or the bill of sale as a basis for summary judgment. Thus there is a second reason to conclude that NCB did not provide sufficient evidence to support its right as assignee to this account.[1]
 {¶ 26} Nonetheless, even accepting the unauthenticated documents, I find that NCB failed to prove sufficient chain of title to satisfy the burden required for summary judgment. Without the document showing the specific assignment of Cody's account from Providian to Unifund, the chain of title does not lead to NCB. The trial court erred, therefore, in granting summary judgment. Because of the failure to establish the chain of title, I would reverse the trial court's judgment.
[1] I am aware that some courts have required an objection at the trial level. The Ninth Appellate District has stated:
"* * * `[I]f the opposing party fails to object to improperly introduced evidentiary materials, the trial court may, in its sound discretion, consider those materials in ruling on the summary judgment motion.'" Lance Acceptance Corp. v. Claudio, Lorain App. No. 02CA008201, 2003-Ohio-3503, ¶ 17, quoting Christe v. G.M.S. Mgt. Co., Inc. (1997),124 Ohio App.3d 84, 90, reversed on other grounds (2000),88 Ohio St.3d 376.
In her opposition to the motion for summary judgment, Cody objected, first, to the lack of proof that NCB was the owner of the account when she pointed to the failure of the bill of sale to reference her account and, second, to the affidavit from NCB's manager stating that NCB had bought the account from Citibank. Cody did not, however, specifically object to NCB's failure to authenticate these documents.
First, I note that Civ. R. 56(C) does not specify that an objection must be made. Moreover, I am not certain that much purpose is served by multiple objections to the same document, especially here where the fundamental problem is the gap in the chain, even if we ignore the lack of authentication.