{¶ 34} I concur with the majority's well-reasoned analysis disposing of appellant's second and third assignments of error. However, I disagree with the majority's ruling on appellant's first assignment of error and respectfully dissent. The judgment of the Geauga County Court of Common Pleas granting summary judgment in favor of appellee should be affirmed.
 {¶ 35} In the case sub judice, appellee instituted an action to have appellant declared a vexatious litigator. Under R.C. 2323.52(A)(3) a "vexatious litigator" is defined as "any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions * * * whether the vexatious conduct was against the same party or against different parties in the civil action or actions." (Emphasis added). "Vexatious Conduct" includes, "conduct of a party in a civil action that * * * obviously serves merely to harass * * * another party to the civil action;" conduct that "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law;" and/or conduct that "is imposed solely for delay." R.C. 2323.52
(A)(2)(a)-(c) (emphasis added).
 {¶ 36} "Conduct" is defined, in relevant part, as "the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, * * * or the taking of any other action in connection with a civil action." R.C.2323.51(A)(1)(a).
 {¶ 37} Read together, the statutes make it abundantly clear that the status of the party involved, i.e., whether they are a plaintiff or a defendant, is irrelevant for the purpose of determining whether the party has engaged in vexatious conduct, as long as there is evidence that the party has engaged in habitual vexatious conduct during the course of the underlying action.
 {¶ 38} Pursuant to Civ.R. 56(C), "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt,75 Ohio St.3d 280, 292, 1996-Ohio-107 (citation omitted). The rule provides that "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions,affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C) (emphasis added). "[W]here supporting documentary evidence falls outside [Civ.R. 56(C)], the correct method for introducing such evidence is to incorporate it by reference into a properly framed affidavit." Blanton v. Cuyahoga Cty.Bd. of Elections, 150 Ohio App.3d 61, 2002-Ohio-6044, at ¶ 13 (citations omitted).
 {¶ 39} Here, appellee's motion for summary judgment sought a declaration that appellant was a vexatious litigator on the basis that twenty-three of appellant's filings with the trial court had "no basis in existing law nor reasonable grounds to expand existing law." Attached to this motion was the sworn affidavit of Rebecca Schlag, Assistant Prosecuting Attorney, which averred that "she had been involved as counsel or co-counsel in several lawsuits" involving appellant, and in personally reviewing the aforementioned filings, none of which were timely, appellant either argued a lack of subject matter jurisdiction, and/or that the enforcement of the court's injunction and township zoning regulations unlawfully deprived him of his livelihood.
 {¶ 40} Civ.R. 56(E), governing the form of affidavits, states that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."
 {¶ 41} The majority apparently does not and cannot seriously dispute that Ms. Schlag's affidavit satisfies the "personal knowledge" requirement, since she was directly involved in the referenced litigation. The majority nevertheless concludes that appellee did not meet his burden and the trial court's grant of summary judgment was improper "since none of the papers relied on by [Ms. Schlag] in making that affidavit, including the docket sheets, are sworn and certified."
 {¶ 42} This conclusion ignores the well-settled axiom of law that a trial court may take judicial notice of docket information, pursuant to Evid.R. 201(B). See Indus. Risk Insurers v. Lorenz Equip. Co.,69 Ohio St.3d 576, 580, 1994-Ohio-442 ("[i]t is axiomatic that a trial court may take judicial notice of its own docket"); Staadeker v. Emerald HealthNetwork, Inc. (Dec. 16, 1993), 8th Dist. No. 64191, 1993 Ohio App. LEXIS 6010, at *8 ("Generally, a court may not take judicial notice of prior proceedings in the court, except for proceedings in the immediate case. An exception exists for judicial notice of the court's docket.");State v. Washington (Aug. 27, 1987), 8th Dist. Nos. 52676, 52677, 52678, 1987 Ohio App. LEXIS 8488, at *15. See also, Kramer v. Time WarnerInc. (C.A.2, 1991), 937 F.2d 767, 774, citing U.S. v. Walters (3rd Cir. 1975), 510 F.2d 887, 890 n. 4 ("courts routinely take judicial notice of documents filed in other courts"); accord State ex rel. Neff v.Corrigan, 75 Ohio St.3d 12, 16, 1996-Ohio-231; State ex rel. Church v.Court. of Common Pleas of Lorain Cty. (Feb. 12, 1997), 9th Dist. No. 96CA006398, 1997 Ohio App. LEXIS 1966, at *1.
 {¶ 43} Evid.R. 201(B) provides that a court may take judicial notice of facts "not subject to reasonable dispute" which are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." "[D]ocket information, such as when a complaint is filed, is not subject to reasonable dispute and is capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." Staadeker, 1993 Ohio App. LEXIS 6010, at *8.
 {¶ 44} As the majority correctly notes, "the docket sheets from five of the actions involving appellant, as well as the judgment entry from the Geauga County Court of Common Pleas Case No. 81M167, finding appellant in contempt of the July 2, 1982 injunction" were attached to the affidavit.
 {¶ 45} The affidavit summarized each of the filings and referenced them to the respective docket sheets, averred that Ms. Schlag had personal knowledge of content of the respective filings, and requested that the trial court, "in light of the * * * voluminous filings * * *take notice of same." Accordingly, appellee met his initial burden under Civ.R. 56(C), despite the lack of "certification" of the docket information and appellant, as the nonmoving party, thus had a reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial, i.e., to show that the filings in question were warranted under existing law or were able to be supported by a good faith argument for an extension, modification or reversal of existing law. See Wing v. Anchor Media, Ltd. (1991), 59 Ohio St.3d 108, at paragraph three of the syllabus (a properly supported motion for summary judgment "forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial").
 {¶ 46} In reply, appellant filed a "Motion for leave to file his Brief in Opposition to Plaintiffs Motion for Summary Judgment and Reply Brief to Plaintiffs Opposition Motion to Defendant's Motion for Leave to Amend." The court construed this as a Motion in Opposition to Appellee's Motion for Summary Judgment, since it argued the merits of the motion, and no subsequent motion in opposition was timely filed.
 {¶ 47} A review of this motion reveals that, despite voluminous citations to case law, appellant's argument in opposition was merely a reiteration of the allegations of his original answer, i.e., that summary judgment was not appropriate since some of his claims and motions were found to be "meritorious," by either the trial court or the appellate court.
 {¶ 48} Unfortunately for appellant, he failed to submit any evidence, by means of affidavit or otherwise, that would be admissible under Civ.R. 56(C), to direct the trial court's attention to specific claims or motions the court found to be meritorious. See Countrywide HomeLoans, Inc. v. Poppy, 11th Dist. No. 2003-L-134, 2004-Ohio-5936, at ¶ 31 ("an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided * * *, must set forth specific facts showing that there is a genuine issue for trial") (citations omitted) (emphasis added). More specifically, appellant failed to demonstrate that any of the filings placed in issue by appellee's affidavit were "warranted under existing law and [could] be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C.2323.52(A)(2)(b).
 {¶ 49} Since appellee clearly sustained his initial burden under Civ.R. 56(C) and appellant failed to sustain his reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there was a genuine issue for trial, the judgment of the Geauga County Court of Common Pleas should be affirmed.